[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2009
THOMAS K. KAHN
CLERK

No. 08-14279
Non-Argument Calendar

_____

D. C. Docket Nos. 07-00191-CV-BAE-4
07-00130-CR-BAE

JOHN W. BAUGHMAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 19, 2009)**

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

John Baughman appeals the denial of his motion to vacate his conviction for

conspiracy to commit bank fraud and mail fraud. 18 U.S.C. § 371; 28 U.S.C. § 2255. Baughman argues that his trial counsel was ineffective because he failed to comply with Baughman's instruction to appeal his sentence and failed to consult adequately with Baughman about his right to appeal. We affirm.

## I. BACKGROUND

Baughman was indicted for conspiracy to commit bank fraud and mail fraud and five counts of bank fraud. 18 U.S.C. §§ 371, 1344. Later, the government made Baughman an offer to plead guilty. The government offered to recommend a sentence of no more than five years to be followed by no more than three years of supervised release in exchange for Baughman's plea of guilty to the conspiracy charge. The agreement did not require Baughman to waive his right to appeal.

Baughman pleaded guilty to the conspiracy charge, and the district court dismissed the remaining counts of the indictment. The presentence investigation report provided a guideline range for sentencing of between 15 and 21 months of imprisonment. Baughman's attorney, Richard Darden, warned Baughman that the guidelines were advisory only and that the district court could depart from that range.

At the outset of the sentencing hearing, the district court told Baughman that it intended to vary upward from the range recommended by the guidelines because

2

it failed to account for Baughman's misconduct. After the victim testified, the district court sentenced Baughman to 36 months of imprisonment. Baughman expressed "dismay and surprise" at the variance. The district court advised Baughman that he had ten days to file a notice of appeal and that Darden would continue to represent him or the clerk of court could prepare and file a notice of appeal for Baughman if he so requested.

After the hearing, Baughman met with Darden between 45 minutes and an hour. For fifteen to twenty minutes, they discussed the merits of an appeal. Darden explained that he could file a notice of appeal for Baughman, but Darden predicted that the appellate court would not vacate Baughman's sentence. Darden explained to Baughman that the district court varied from the Guidelines, but Darden stated that the variance was not an abuse of discretion based on the victim impact statement and Baughman's crimes. Darden did not file a notice of appeal for Baughman.

Two months later, Darden received a telephone call from Baughman's sister. She requested that Darden send copies of Baughman's presentence investigation report, objections to the report, and the final judgment. Darden mailed the documents to Baughman.

Baughman moved to vacate his conviction. 28 U.S.C. § 2255. In a brief

attached to the motion, Baughman argued that Darden was ineffective for failing to file a notice of appeal at Baughman's request or to make a reasonable attempt to determine whether he wanted to appeal. Baughman alleged that he instructed Darden to file a notice of appeal. The government responded to Baughman's motion and asked the district court to schedule an evidentiary hearing.

At the evidentiary hearing, Darden testified that he met with Baughman several times before the sentencing hearing to discuss the possible sentence and to explain that the range of sentence recommended under the guidelines was not mandatory. Darden explained that, after the sentencing hearing, he advised Baughman that he believed he would not prevail on appeal. Darden testified that he advised Baughman about the obvious advantages and disadvantages of an appeal and offered to file a notice of appeal.

> THE COURT: Did you at any time discuss with your client what advantages or disadvantages might arise from taking an appeal?
>
> THE WITNESS: Other than the obvious, no. I mean, the obvious advantage is if they send it back, remand it for resentencing, other than that, no.
>
> THE COURT: What disadvantages can you envision that might have accrued from taking an appeal in this case?
>
> THE WITNESS: I know of no disadvantages.
>
> THE COURT: After discussing all of that, did you ever specifically ask whether he, in light of your comments and your assessment of the

4

merits, did you ever specifically ask him, well, do you want me to take an appeal or not?

THE WITNESS: I can't say that I specifically worded in that effect. I think what I expected John to do was to get back with me. But he never did.

Darden testified that he had practiced criminal law in federal court for several years and this was the first occasion that he had been accused of failing to file a notice of appeal. Darden stated that he always filed a notice of appeal at the request of his client, even if he believed the appeal was meritless. He stated that he had appealed sentences within and below the guidelines and he would not have hesitated, upon request, to file a notice of appeal for Baughman. Darden testified that Baughman understood he had only ten days to file a notice of appeal. Darden testified that he could have made a non-frivolous argument on Baughman's behalf.

Baughman testified that Darden told him an appeal would cost $15,000 in attorney's fees in addition to costs. Baughman testified that Darden said he would file a brief challenging the sentence and the judge who sentenced Baughman would decide whether to modify the sentence. Baughman stated that Darden advised Baughman that he could not prevail on appeal; Darden offered to file a notice of appeal; and Baughman instructed him to appeal.

O'BRIEN: And what did [Darden] - - did he discuss with you anything about the likelihood of succeeding on that appellant [sic] point?

5

BAUGHMAN: He said that I didn't have a snowball's chance in hell, I think is the exact words that he said.

O'BRIEN: All right. Did he discuss with you at all anything about what was necessary to protect your position regarding that appeal, what had to be done in order to protect your rights in that appeal?

BAUGHMAN: After we had discussed - - after he had said that I don't have a snowball's chance in hell, he said that if I would like he could file a notice of appeal to protect my rights.

O'BRIEN: What did you do - - what, if anything, did you do after he told you that?

BAUGHMAN: I think that is what - - I said that is what we should do.

Baughman testified that he never suggested that Darden wait for further instructions before filing a notice of appeal. Baughman testified that he left the meeting with the impression that Darden would file the notice of appeal. Baughman testified that his sister called the clerk's office to inquire about the status of his appeal and learned that Darden did not file a notice.

On cross-examination, Baughman acknowledged that he was pleased with Darden's representation until he was sentenced. Baughman also acknowledged that, even though Darden stated it would cost $15,000 to appeal, Baughman never paid Darden or contacted him to inquire about the appeal.

On redirect examination, Baughman testified that he knew a notice of appeal consisted of a single-page form. He stated that Darden told him "independent of

that $15,000 [Darden] would do what was necessary to protect [Baughman's] appellant [sic] position[.]" Baughman testified in response to questions from the court that he believed Darden would file the notice then contact him to discuss what issues would be argued on appeal. When asked about the fee, Baughman stated that he and Darden would address the cost "[a]t some point[.]"

The district court denied Baughman's motion. The district court found that Baughman's testimony that he instructed Darden to file a notice of appeal was not credible, and the district court credited testimony from Darden that Baughman did not instruct him to file a notice of appeal. The district court also found that "Darden's consultation was adequate under Thompson[v. United States,] 504 F.3d [1203,] 1206 [(11th Cir. 2007)]" and that "[i]t was reasonable for Darden to conclude that his client, after being fully advised of his right and his attorney's views, did not wish to pursue an appeal."

## II. STANDARD OF REVIEW

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error." Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

## III. DISCUSSION

Baughman challenges the ruling of the district court on two grounds. First,

7

Baughman argues that he instructed Darden to file a notice of appeal and Darden violated his Sixth Amendment right to counsel by disregarding that instruction. Second, Baughman argues that his consultation with Darden was inadequate for four reasons: (1) Darden did not address the disadvantages of an appeal; (2) Darden mentioned as the only advantage that Baughman might be resentenced; (3) Darden failed to ask Baughman if he wanted to appeal; and (4) Baughman left the consultation with the impression that Darden would file a notice of appeal. These arguments fail.

The record supports the finding of the district court that Baughman did not instruct Darden to file a notice of appeal. Darden testified that Baughman did not respond to an offer to file a notice of appeal and Baughman wavered in his testimony that he instructed Darden to appeal. The magistrate judge found Baughman's testimony on this point not credible and "[w]e allot 'substantial deference to the factfinder in reaching credibility determinations with respect to witness testimony.'" Devine, 520 F.3d at 1287.

The record also supports the finding of the district court that Darden consulted with Baughman regarding the right to appeal. The Supreme Court explained in Roe v. Flores-Ortega that "counsel has a constitutionally imposed duty to consult" with his client about the right to appeal "when there is reason to

8

think either . . . that a rational defendant would want to appeal" or the client expresses interest in an appeal. 528 U.S. 470, 480, 120 S. Ct. 1029, 1036 (2000). The duty to consult includes two obligations: to advise the client "about the advantages and disadvantages of taking an appeal," and to make a "reasonable effort to discover" whether the client wants to appeal. Id. at 478, 120 S. Ct. at 1035. Darden did not elaborate on the consultation, but Baughman testified to details regarding the information and advice shared by Darden. Both Baughman and Darden testified that Darden offered Baughman practical advice about the benefits and costs of an appeal. After Darden advised Baughman that an appeal would have little chance of success, Darden offered to file a notice of appeal.

Baughman relies on our decision in Thompson v. United States, 504 F.3d 1203 (11th Cir. 2007), but Thompson is distinguishable. Darden and Baughman shared a longer and more meaningful discussion than Thompson and his counsel. Unlike Thompson's counsel, Darden was confident that Baughman understood his right to appeal and the filing deadline, and Darden offered to file a notice of appeal despite his opinion that Baughman would not prevail.

Baughman asks that we require counsel to inquire directly of a client whether he wants to appeal, but the Supreme Court explained in Flores-Ortega that "imposing 'specific guidelines' on counsel is 'not appropriate.'" 528 U.S. at 479,

120 S. Ct. at 1036 (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064 (1984)).  Our task is to evaluate the findings of fact by the district court that Darden advised Baughman about the advantages and disadvantages of an appeal and made a reasonable effort to discover whether Baughman wanted to appeal.  Based on our review of the record, the district court did not clearly err by finding that Darden consulted with Baughman about his right to appeal.

## IV. CONCLUSION

The denial of Baughman's motion to vacate his conviction is **AFFIRMED.**