[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11428
Non-Argument Calendar

_____

D. C. Docket No. 05-00104-CR-J-25-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACETA ANYA STREETER,
a.k.a. Star,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 7, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jaceta Anya Streeter appeals her 84-month sentence imposed following her

conviction for uttering fictitious instruments in violation of 18 U.S. C. §§ 2 and 514. On appeal, Streeter argues that there was insufficient evidence to support enhancing her sentence for her role as a leader or organizer of a conspiracy involving five or more persons. Streeter also argues that the district court erred by including in the loss calculation amounts caused by an alleged co-conspirator Vernon Maxwell's conduct. Finally, Streeter argues that her 84-month sentence was unreasonable when the sentencing guideline range was 41 to 51 months.

BACKGROUND

Streeter was indicted for her participation in a check-cashing scheme. At trial, her alleged co-conspirators testified against her. According to their testimony, Streeter and Sabrina Williams organized a scheme in which Williams printed checks from her computer that persons recruited by Streeter cashed at banks. Under the scheme, Streeter and Williams paid participants between $20 and $120 to cash each check and split the remainder between the two of them. At Streeter's trial, Maxwell, an alleged co-conspirator, testified to essentially the same conduct as other participants but could not make an in-court identification of Streeter as the person who provided him with the checks.

The nineteen count indictment included each fraudulent check as a separate count and one count of conspiracy. The jury convicted Streeter of six counts of

passing, uttering, and presenting counterfeit checks and acquitted on an additional ten counts. Two check fraud counts and the conspiracy count were dismissed at the government's motion.

The presentence investigation report (PSI) assigned Streeter a base offense level of seven pursuant to U.S.S.G. § 2B1.1. The PSI identified 18 fraudulent check transactions which ranged in amount from $640 to $675. Four points were added because the offense involved a loss of more than $10,000, but less than $30,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(C). Another four points were added for Streeter's role as a leader or organizer of criminal activity pursuant to U.S.S.G. § 3B1.1(a). Two points were added for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The resulting adjusted offense level was seventeen. Streeter's past convictions and commission of the present crime on supervised release resulted in a criminal history category of VI. The recommended guideline range was 51-63 months imprisonment.

Streeter objected to the PSI's calculated loss amount arguing that intended loss should not be included but only the amounts of checks actually passed. She also objected to the allegation that she was a leader of the criminal activity and had obstructed justice. The government moved for an upward departure arguing that her age and chronic recidivism warranted such a departure under U.S.S.G. § 5K2.0.

The district court found that the evidence supported a loss in excess of $10,000 and the enhancement for her role as a leader. The court sustained her objection to the enhancement for obstruction of justice, reducing the guideline range to 41 to 51 months. The court then granted the government's motion for upward departure. The court sentenced Streeter to 84 months imprisonment to be followed by five years of supervised release. In addition, Streeter was ordered to pay $11,806.40 in restitution.

DISCUSSION

I.

Streeter argues that the district court erred in finding that she was a leader and organizer in the conspiracy. Specifically, Streeter argues that she lacked control over co-conspirators, she did not actively recruit participants, and she did not plan or organize the scheme. The district court's upward adjustment of the guideline offense level due to Streeter's status as a leader is a finding of fact reviewed only for clear error. *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002).

The government had the burden to prove by a preponderance of evidence that Streeter's role in the conspiracy supported the enhancement. *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003). To determine whether the

4

enhancement applies, the district court considers (1) the exercise of decision-making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others. U.S.S.G. § 3B1.1 cmt. n. 4.

The district court did not err in finding that Streeter acted as a leader or organizer in the check cashing scheme. First, the conspiracy involved at least five participants. In determining the number of participants, the defendant can be considered one of the required participants. *United States v. Holland*, 22 F.3d 1040, 1045 (11th Cir. 1994). Even excluding Vernon Maxwell's participation, as Streeter argues the district court should have done, the evidence supports the participation of Williams, Robert Stone, Donna Harmon, and Alane Green in the scheme. Second, evidence showed that Streeter recruited participants into the scheme. Both Stone and Green testified that they became involved in the scheme through Streeter. Williams also testified that Streeter recruited the people to cash the checks.

Third, evidence indicated that Streeter claimed a right to a larger share of the fruit of the crime. Under the scheme, Streeter and Williams split the majority of

the profits while paying the person who actually cashed the check a small portion of the profits. Finally, evidence indicated that Streeter participated in the planning of the scheme and exercised authority over others. Williams testified that Streeter provided the company information under which Williams issued the fraudulent checks. In addition, co-conspirators indicated that Streeter would deliver these checks to participants to be cashed. At times, Streeter even drove the participants to their destination and watched them as they completed their transactions. Given the evidence in the record, the district court did not err in enhancing Streeter's offense level based on her role as a leader or organizer.

## II.

Next, Streeter argues that the district court erred in enhancing her sentence based on a loss amount in the excess of $10,000. Streeter argues that $2, 580 in forged checks cashed by Vernon Maxwell should not have been included because his testimony was not credible. If these amounts had been excluded, the loss amount would fall below the $10,000 threshold. We review the district court's loss determination for clear error. *United States v. Grant*, 431 F.3d 760, 762 (11th Cir. 2005).

Under the guidelines, the district court must consider relevant conduct when calculating the offense level. U.S.S.G. § 1B1.3. Relevant conduct can include

conduct for which the defendant was not charged or acquitted. *See United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997). Furthermore, relevant conduct includes the acts of others taken in furtherance of jointly undertaken criminal activity. U.S.S.G. § 1B1.3(a)(1)(B). The government need only prove such conduct by a preponderance of the evidence. *Barakat,* 130 F.3d at 1452.

Under § 2B1.1(b)(1)(c), the district court increases the offense level by four levels when the loss amount is between $10,000 and $30,000. The amount of loss should be the greater of the actual or intended loss. U.S.S.G. § 2B1.1, cmt. n.3(A). The district court need only make a reasonable estimation of loss and its determination is entitled to deference. U.S.S.G. § 2B1.1, cmt. n.3(c).

The district court's finding of a loss in excess of $10,000 was proven by the preponderance of the evidence. Although Maxwell was unable to identify Streeter in court, it is undisputed that Maxwell identified Streeter twice in photographic line-ups. Furthermore, Maxwell's conduct was similar to that of the other participants in the check-cashing scheme. He testified that he was driven to a bank to cash the check, and that he received a small payment and delivered the remainder to his contact. In addition, Streeter's cellmate testified that Streeter had mentioned Maxwell as a participant in the check-cashing scheme and inquired about his status. Given the evidence, the district court did not clearly err in

including the amounts attributable to Maxwell's participation in Streeter's relevant conduct.

III.

Finally, Streeter argues that her sentence outside the guideline range was unreasonable. After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we review sentences under the advisory guideline regime for reasonableness. Reasonableness review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [18 U.S.C.] section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)(per curiam). Streeter bears the burden of establishing that her sentence is unreasonable in light of the record and § 3553(a) sentencing factors. *Id.* The district court must engage in a two step process. First it must correctly calculate the defendants guideline range; second, it must consider the § 3553(a) sentencing factors. *Id*. at 786. The court is not required to explicitly consider each of these factors on the record. *Id.* It is enough for the court to acknowledge the parties' arguments and state that it has considered the factors. *Id.*

The district court here correctly calculated the guideline range, and although the district court here did not explicitly state that it was considering the § 3553(a) factors, it did do so in fashioning its sentence. The district court heard the

8

government's arguments regarding Streeter's criminal history and what punishment would be adequate deterrence from further criminality. The defense counsel's arguments encompassed the unwarranted sentencing disparity factor. Furthermore, the court recounted Streeter's criminal history and noted her supervised release status when committing the current offense. This shows the court considered the defendant's criminal history and characteristics. The court also stated that he was "of the opinion that nothing we do will stop her from doing [criminal activity]" and that the best alternative was to remove her from society for as long as possible, reflecting a consideration of the need to protect the public from further crimes. In addition the court ordered restitution to those banks harmed by Streeter's conduct.

The district court correctly calculated the advisory guideline range. Then, in deciding to part from the range, the court considered the nature and circumstances of the offense and the history and the characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a). Therefore, we find that the 84-month sentence was reasonable.

IV.

After careful consideration of the record and the parties' arguments, we find no reversible error in Streeter's sentence, and therefore we affirm the decision of the district court.

**AFFIRMED.**