[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2009
THOMAS K. KAHN
CLERK

No. 08-13621
Non-Argument Calendar

_____

D. C. Docket Nos. 07-01170-CV-J-25-MCR, 05-00104-CR-J-2

JACETA ANYA STREETER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 30, 2009)

Before DUBINA, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Jaceta Anya Streeter, a federal prisoner proceeding *pro se*, appeals the

district court's denial of her 28 U.S.C. § 2255 motion to vacate her convictions and sentence. We granted a Certificate of Appealability ("COA") on two issues: (1) whether the district court erred in finding that trial counsel was not ineffective for failing to introduce Streeter's school attendance records into evidence, and (2) whether the district court erred in finding that trial counsel was not ineffective for failing to call John Blocker to testify. As to the first issue, Streeter argues that her trial attorney failed to obtain her school attendance records and to use them to impeach the Government's key witnesses, who had testified that she was with them at the time they cashed the fraudulent checks. As to the second issue, Streeter argues that her trial attorney failed to call Blocker to testify, as she believes that Blocker would have been unable to identify her and therefore would have impeached the same Government key witnesses' testimony that Blocker had introduced them to her.

## I.

In April 2005, a grand jury returned a nineteen-count indictment against Streeter and Sabrina Williams, charging them with (1) conspiracy to present counterfeit checks in violation of 18 U.S.C. §§ 371 and 514 (Count 1); and (2) passing, uttering, and presenting counterfeit checks in violation of 18 U.S.C. §§ 2

2

and 514 (Counts 2-19).[1]  Williams pled guilty pursuant to a plea agreement, but Streeter pled not guilty and proceeded to trial.  According to Streeter's co-conspirators that testified at trial, the check-cashing scheme worked as follows: Williams printed checks from her computer and Streeter recruited persons to cash them at banks, paying each participant a small portion of the proceeds from each cashed check and splitting the remainder between them.  Of particular relevance here, Robert Stone and Donna Harmon, brother and sister and two of the co-conspirators, testified that a woman that they knew only as "Tiffany," allegedly referring to Streeter, went with them to the bank to cash six checks on Friday, January 21, 2005, and Monday, January 24, 2005, between approximately 11:00 a.m. and 12:30 p.m.  Blocker introduced via telephone Stone and Harmon to Streeter.

On November 17, 2005, the jury returned a verdict of guilty on six counts (Counts 12-15, 18-19)[2] and not guilty on ten other counts (Counts 2-11).[3]  The district court sentenced Streeter to eighty-four months imprisonment to be followed by sixty months supervised release.  We affirmed her conviction and

[1] The indictment included each fraudulent check as a separate count.

[2] Counts 12-15 and 18-19, for which the jury convicted Streeter, all stemmed from checks cashed by Stone and Harmon on January 21, 2005 and January 24, 2005.

[3] The Government voluntarily dismissed Counts 16 and 17 and the jury failed to reach a verdict as to Count 1, which the Government subsequently voluntarily dismissed.

sentence on direct appeal. *See United States v. Streeter*, 209 F. App'x 909 (11th Cir. 2006) (per curiam). At the same sentencing proceeding, the district court revoked Streeter's supervised release for her previous federal convictions and sentenced her to twenty-four months imprisonment, to run consecutively to her eighty-four month imprisonment term. We affirmed the district court's revocation of supervised release and the accompanying sentence as well. *See United States v. Streeter*, 214 F. App'x 894 (11th Cir. 2007) (per curiam).

On December 11, 2007, Streeter, proceeding *pro se*, filed a motion to vacate, set aside, or correct her sentence pursuant to § 2255, arguing, *inter alia*, that her trial counsel rendered ineffective assistance of counsel by (1) failing to introduce her school attendance records, and (2) failing to call Blocker to testify. The district court denied her motion, reasoning that she failed to demonstrate deficient performance or resulting prejudice. Streeter appealed.

## II.

In a 28 U.S.C. § 2255 proceeding, we review the district court's findings of fact for clear error and its legal conclusions *de novo*. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008) (per curiam). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Id.*

In *Strickland v. Washington*, the Supreme Court set out a two-part inquiry

4

for ineffective assistance of counsel claims. 466 U.S. 668, 687 (1984). First, *Strickland*'s "performance prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004). We evaluate reasonableness by applying the objective standard of "'reasonableness under prevailing professional norms.'" *Chandler v. United States*, 218 F.3d 1305, 1315 n.15 (11th Cir. 2000) (en banc) (quoting *Strickland*, 466 U.S. at 688). *Strickland*'s "prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Butcher*, 368 F.3d at 1293 (citation omitted). This requires a "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Chandler*, 218 F.3d at 1312-13 (internal quotation marks and citation omitted). "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695; *see id.* at 696 (providing that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support").

5

A person seeking relief under § 2255 based on ineffective assistance of counsel must succeed on both prongs of the *Strickland* test. *Butcher*, 368 F.3d at 1293. "As a result, once a court decides that one of the requisite showings has not been made it need not decide whether the other one has been." *Id.* (citing *Strickland*, 466 U.S. at 697 (providing that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one")).

## III.

We will address the two certified issues in turn.

## A.

Streeter argues that her trial counsel rendered ineffective assistance of counsel by failing to obtain and use as impeachment evidence attendance records from her school, which, according to her, rebuts testimony from Stone and Harmon that she was with them at the time (between 11:00 a.m. and 12:30 p.m. on January 21, 2005 and January 24, 2005, respectively) that they cashed the checks.

Assuming *arguendo* that her trial attorney rendered deficient performance in failing to obtain her school attendance records and using them to impeach the Government's key witnesses, Streeter's claim nevertheless fails because she cannot "demonstrate that seriously deficient performance of h[er] attorney prejudiced the

6

defense." *Butcher*, 368 F.3d at 1293. First, Streeter testified in her own defense at trial that her school kept attendance and that she was there "regularly" from 8:30 a.m. until noon, Monday through Friday. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995) (noting that "a statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt"). As such, Streeter testified under oath that she "regularly" attended school during the same time that she allegedly assisted in cashing checks, according to Stone and Harmon. The jury, however, was free to disbelieve her. Moreover, in his cross-examination of Stone, Streeter's trial counsel specifically referenced the school attendance records.[4] Lastly, in addition to Stone's and Harmon's testimony, the jury's verdict enjoys "overwhelming record support" based on evidence presented by the Government at trial, including (1) the testimony of Williams, Streeter's co-

---

[4] The relevant exchange between Streeter's counsel and Stone on cross-examination consisted of the following:

> Q: If [Streeter] produces such a thing as attendance records during her own testimony that she was not at the bank but across town in a class doing something totally different, do you have any objection to that?
> . . .
> Q: Would you have any explanation for anything such as that?
> A: No, I don't.

*See* Transcript, vol. 1, at 90:35-91:6.

defendant, who testified as to her involvement and guilt;[5] (2) the testimony of Donna Dowdell, Streeter's cell mate at Nassau County jail, who testified as to Streeter's admissions regarding her involvement and guilt;[6] (3) the recorded telephone conversations between Streeter and Stone; and (4) the cellular telephone records establishing that Streeter and Stone exchanged telephone calls on January 21, 2005 and January 24, 2005, immediately before and after Stone and Harmon cashed the checks.  Accordingly, Streeter has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Chandler*, 218 F.3d at 1312-13 (internal quotation marks omitted).

## B.

Streeter argues that her trial counsel rendered ineffective assistance of counsel by failing to call Blocker to testify who, according to her, would have would have been unable to identify her and therefore would have impeached the

---

[5] *See* Transcript, vol. 1, at 28:6-17 (testifying that Streeter picked up the co-conspirators who cashed the checks from the banks and Williams watched to ensure that no one was following the co-conspirators as they left the bank).

[6] *See* Transcript, vol. 2, at 82:23-83:8; 84:7-18 (testifying that Streeter admitted her involvement with Williams in recruiting persons to go to the bank and cash checks that they counterfeited and further testifying that one of the co-conspirators included a "sister and brother").

witnesses' testimony that Blocker had introduced them to her.[7]

Streeter must prove the unreasonableness of counsel's performance by a preponderance of the evidence. *Id.* at 1313. Judicial review of counsel's performance is highly deferential, and the courts apply a "'strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* at 1314 (quoting *Strickland*, 466 U.S. at 689-90). "[W]here the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." *Id.* at 1314 n.15 (alteration in original). To overcome the presumption, the movant "must establish that no competent counsel would have taken the action that [her] counsel did take." *Id.* at 1315.

An attorney has a duty to conduct reasonable investigations or to make a reasonable decision that renders a particular investigation unnecessary. *Strickland*, 466 U.S. at 691. "[T]here is no absolute duty to investigate particular facts or a certain line of defense, although a complete failure to investigate may constitute deficient performance of counsel in certain circumstances." *Fugate v. Head*, 261 F.3d 1206, 1217 (11th Cir. 2001). Counsel does not render ineffective assistance

---

[7] The district court did not specifically address Streeter's ineffective assistance of counsel claim as to her trial counsel's failure to call Blocker.

by deciding "not to pursue a particular line of defense without substantial investigation[,] so long as the decision was reasonable under the circumstances." *Gates v. Zant*, 863 F.2d 1492, 1498 (11th Cir. 1989) (per curiam). "Ineffective assistance . . . will not be found merely because other testimony might have been elicited from those who testified," but failure to impeach the key prosecution witness can rise to the level of ineffective assistance under certain circumstances. *See Fugate*, 261 F.3d at 1219-20 (internal quotations marks and citation omitted). In a habeas petition alleging ineffective assistance of counsel, mere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof. *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001).

In support of her claim, Streeter merely provides her subjective belief that Blocker would not have been able to identify her in the courtroom. She failed to offer an affidavit from Blocker setting forth his potential testimony, and she failed to otherwise make any specific factual allegations indicating that Blocker's testimony would have contradicted Stone's and Harmon's assertions that he introduced them to Streeter via a telephone call. Because Streeter's mere "speculation that [Blocker] would have been helpful" would not have been sufficient to support her claim, *see id.* at 1187, and because she gave no indication

10

of specific facts that would have borne out her theory, the district court did not err in denying her claim, *see Devine*, 520 F.3d at 1287.

## IV.

Based on the foregoing, we affirm the district court's order denying Streeter's § 2255 motion.

**AFFIRMED.**