[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11206
Non-Argument Calendar

_____

D. C. Docket No. 01-00019-CR-1-MMP-AK

WILLIAM R. DEVINE,

                                                  Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                  Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 20, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

William R. Devine, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. We granted a certificate of appealability on the following issue: "Whether the district court erred in finding that appellant's counsel was not deficient for failing to file a direct appeal, in light of Thompson v. United States, 481 F.3d 1297 (11th Cir. 2007)."[1] Devine argues that counsel did not adequately consult with Devine about his appellate rights. Further, Devine argues that he demonstrated an interest in an appeal, and thus counsel had a duty to consult with him regarding an appeal. Finally, he argues that he was prejudiced as a result of counsel failing to consult with him regarding an appeal.

In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Caderno v. United States, 256 F.3d 1213, 1216-17 (11th Cir. 2001). We allot "substantial deference to the factfinder . . . in reaching credibility determinations with respect to witness testimony." United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003)

---

[1] After this appeal was taken, this Court sua sponte withdrew the opinion in Thompson and replaced it with another opinion, Thompson v. United States, 504 F.3d 1203 (11th Cir. 2007).

(quotation omitted).

In Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000), the Supreme Court held that Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), applies to determine whether counsel was ineffective for failing to file a notice of appeal. Flores-Ortega, 528 U.S. at 477, 120 S. Ct. at 1034. Under Strickland, a movant demonstrates ineffective assistance of counsel by showing "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." Flores-Ortega, 528 U.S. at 476-77, 120 S. Ct. at 1034 (quotation and citations omitted).

With respect to the first prong of Strickland, whether counsel's representation fell below an objective standard of reasonableness, the Supreme Court reaffirmed that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing Flores-Ortega, 528 U.S. at 477, 120 S. Ct. at 1035). Moreover, even if the client does not directly request an appeal, counsel generally has a duty to consult with him about an appeal. See Flores-Ortega, 528 U.S. at 480-81, 120 S. Ct. at 1036-37 (expecting that courts "will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal").

3

The district court here made a finding of fact, based on credibility determinations, that Devine did not ask his attorney to file an appeal. "[W]here a defendant has not specifically instructed his attorney to file an appeal, we must still determine 'whether counsel in fact consulted with the defendant about an appeal.'" Thompson, 504 F.3d at 1206 (quoting Flores-Ortega, 528 U.S. at 478, 120 S. Ct. at 1035). The Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480, 120 S. Ct. at 1036. The Supreme Court defined the term "consult" specifically to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478, 120 S. Ct. at 1035.

In this case, counsel and Devine did discuss an appeal immediately after sentencing at which the district court had advised Devine of his right to appeal. However, we can assume arguendo in this case that counsel did not adequately consult with Devine as to this matter, because it may be that counsel did not fully discuss the advantages and disadvantages of taking an appeal. Thus, the issue in

4

this case is whether counsel had a duty to consult about an appeal under the circumstances.

In determining whether counsel had an affirmative duty to consult with Devine, we are guided by the above-mentioned, two-prong test set out in Thompson, quoting from Flores-Ortega. With respect to the first prong, we agree with the district court that a rational defendant in Devine's position would not want to appeal, because there were no nonfrivolous grounds for appeal. Devine had pled guilty, and there was no suggestion that the plea was invalid. Devine's plea included an appeal waiver, such that in these circumstances Devine would have had a viable appeal of his sentence only if the judge had imposed an illegal sentence. The record in this case reveals that the sentence here, which was at the bottom of the guidelines, was not an illegal sentence.

With respect to the second prong of the foregoing test, the district court made a finding of fact, after an evidentiary hearing and in light of its credibility determinations; the district court found that Devine did not reasonably demonstrate to counsel that he was interested in appealing. We cannot conclude that this finding of fact was clearly erroneous. Immediately after sentencing, Devine and his attorney did discuss the question of an appeal. The attorney recalled telling Devine that the only issue to appeal would be an illegal sentence, but that he had

5

received a legal sentence, which of course was accurate in light of the guilty plea and the appeal waiver. The record is clear that Devine understood his attorney's opinion that any appeal would be futile. Nevertheless, Devine did not at that time say anything to suggest that he was interested in appealing anyway. In addition, when Devine talked to counsel's secretary about a related matter, he did not mention an appeal. The district court opined that Devine would have mentioned an appeal had he been interested in pursuing the same. In making these findings of fact, the district court expressly credited counsel's testimony and discredited Devine's.

Under these circumstances, we cannot conclude that the district court was clearly erroneous in finding that Devine did not reasonably demonstrate to counsel that he was interested in appealing. See Otero v. United States, 499 F.3d 1267, 1271 (affirming the district court's finding of fact that Otero did not reasonably demonstrate to his lawyer any interest in appealing). And the record is clear that the district court was manifestly correct that no rational defendant would want to appeal in these circumstances. Thus, pursuant to the standard set out in Thompson and Flores-Ortega, counsel in this case did not have an affirmative duty to consult further with Devine about an appeal.[2]

---

[2] The instant case is distinguishable from Thompson. There, this Court concluded both that "it cannot be said that no rational defendant would have wanted to appeal," and that

Accordingly, the judgment of the district court is

**AFFIRMED.**[3]

---

Thompson demonstrated an interest in the appeal. 504 F.3d at 1208. Unlike the instant case, there was no appeal waiver in Thompson. Also Thompson expressed to counsel that he was unhappy with his sentence; he was denied a minor role reduction and his sentence exceeded that of his co-defendants. Thus, this Court concluded that it cannot be said that no rational defendant would have wanted to appeal. Also unlike the instant case, the district court in Thompson made no finding of fact that Thompson had not reasonably demonstrated to counsel that he was interested in appealing; this Court did not purport to review a fact finding, but rather simply held, in conclusory fashion, that Thompson had demonstrated an interest in appealing. Thus, the instant case is more like Otero than Thompson.

[3] Devine's request for oral argument is denied.