[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11268
Non-Argument Calendar

_____

D. C. Docket No. 04-20514-CV-ASG

GREGORY RANDOLPH BERRY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 19, 2008)**

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Gregory Berry appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and life sentence for distributing cocaine base, in violation of 21 U.S.C. § 841. The district court granted a certificate of appealability on one issue: whether Berry's trial counsel was constitutionally deficient for failing to force the government to establish the substance he distributed was crack cocaine and not cocaine base before, during, or following trial.

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions *de novo* and factual findings for clear error. A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008) (citation omitted). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotations omitted).

The U.S. Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Const. Amend. VI. The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance so undermined the proper functioning of

2

the adversarial process the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). This showing has two components: first, the prisoner must show counsel's performance was deficient; and second, the prisoner must establish the deficient performance prejudiced the defense. *Id.*

Under the deficient performance prong of the *Strickland* test, the prisoner must show counsel made errors so serious he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 2065. Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068.

Under 21 U.S.C. § 841(b)(1)(A)(iii), an individual who distributes 50 grams or more of a substance containing "cocaine base," after 2 or more prior felony drug offenses have become final shall be sentenced to a mandatory term of life imprisonment. The Sentencing Guidelines state, "'[c]ocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G.

§ 2D1.1(c), note D. We have held the term "cocaine base" in 21 U.S.C. § 960(b) should only include crack cocaine because Congress did not explicitly define the term in the statute and allowed that definition of "cocaine base" to be promulgated in the Guidelines. *United States v. Munoz-Realpe*, 21 F.3d 375, 377 (11th Cir. 1994) (looking to U.S.S.G. § 2D1.1(c), note D).

The evidence at Berry's criminal trial demonstrated the substance he distributed was crack cocaine. Drug Enforcement Agent Steven Gilbert testified the substance appeared to be crack cocaine, and confidential informant Dwain Mallary stated the drugs Berry gave him were crack cocaine. Gilbert also testified he monitored a telephone conversation during which Berry discussed a prior crack cocaine sale and indicated he had more crack cocaine. Furthermore, at the evidentiary hearing, Dr. Terry Hall and Walter Rodriguez indicated the DEA lab report's description of the cocaine was consistent with a description of crack cocaine. Accordingly, the magistrate's finding the substance at issue was crack cocaine was not clearly erroneous. *See Devine*, 520 F.3d at 1287.

Berry is unable to overcome the strong presumption that counsel's conduct fell within the range of reasonable professional assistance. His counsel's failure to assert an argument the evidence demonstrated to be false is not deficient performance. Therefore, as the magistrate judge found, Berry cannot show he was

prejudiced by his trial counsel's failure to challenge whether the substance he distributed was crack cocaine, because the evidence demonstrated the substance was crack cocaine. Likewise, Berry's counsel's confusion regarding crack cocaine does not change the result because the evidence shows that any challenge to the identification of the drugs as crack cocaine would have failed. Accordingly, Berry's claim of ineffective assistance of counsel fails, and we affirm the district court's denial of his § 2255 motion as to this claim.

**AFFIRMED.**