[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 22, 2009
THOMAS K. KAHN
CLERK

No. 08-10243
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00449-CV-JOF-1,
04-00390-CR-01-JOF-1

LARRY DARNELL FORRESTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 22, 2009)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Larry Darnell Forrester appeals pro se the denial of his motion to vacate his sentence for using a means of interstate commerce to entice a child younger than 18 years old to engage in sexual activity. 18 U.S.C. § 2422(b); 28 U.S.C. § 2255. Forrester argues that his trial counsel was ineffective because he failed to object to the calculation of Forrester's base offense level. See United States Sentencing Guidelines §§ 2A3.1, 2G1.1(c)(2) (Nov. 2003). Because Forrester failed to prove that he was prejudiced by counsel's failure to object, we affirm.

## I. BACKGROUND

Agents of the Federal Bureau of Investigation arrested Forrester in the parking lot of a restaurant in Atlanta, Georgia, after he arrived from Greenville, South Carolina, expecting to meet Kate, a woman he had met on the internet, and her seven-year-old daughter, Kelly. When interviewed, Forrester first told agents that he had arranged to meet Kate and he was unaware that she had a child, but when agents confronted Forrester with evidence that he had chatted online with Kate about engaging in sexual activity with Kelly, Forrester asserted that he had traveled to Atlanta to protect Kelly. An agent asked Forrester if he would have engaged in sexual activity with Kelly, and Forrester responded that it was "[d]oubtful" and that he would not engage in an activity with a child if it was hurtful.

2

Forrester was charged in a two-count indictment for using a means of interstate commerce to entice a child younger than 18 years old to engage in sexual activity, 18 U.S.C. § 2422(b), and traveling in interstate commerce to engage in a sexual act with a child younger than 12 years old, id. § 2241(c). Forrester entered a change of plea to guilty to the enticement charge in exchange for the dismissal of his remaining charge. The plea agreement stated that Forrester waived his right to challenge his sentence "in any post-conviction proceeding on any ground," but the government has not relied on that agreement in this appeal.

The presentence investigation report stated that Forrester had initiated an online conversation with Kate, an agent of the Federal Bureau of Investigation, in an internet chat room dedicated to adult-child sex. For three days, the two discussed in detail Forrester's plans to engage in oral sex and sexual intercourse with Kelly. Forrester assured Kate that he "wanted to do this" and offered to come to Atlanta. When Kate suggested that they meet for lunch, Forrester responded, "Kate, if I drive to Atlanta, it won't be for lunch . . . I won't lie. If that is what you want . . . I won't be there." On the day Forrester drove to Atlanta, he asked Kate to bring Kelly to South Carolina, but after she refused, he responded that he "really want[ed] to do this with you two, very much," and he made arrangements to meet Kate and Kelly for dinner in Atlanta. Forrester gave Kate specific instructions

3

about how to dress Kelly and said that he expected Kate to fondle Kelly at dinner to prove she would be amenable to sexual activity.

The presentence report listed Forrester's base offense level at 27. The report identified the Sentencing Guideline applicable to Forrester's offense as section 2G1.1 and cross-referenced that provision to section 2A3.1 because the offense involved attempted criminal sexual abuse. The report increased the base offense level by six points because Forrester's offense involved a victim under 12 years old and use of a computer, and the report decreased the base level by two points for acceptance of responsibility. With a criminal history of I, the report listed a sentencing range between 108 and 135 months of imprisonment.

The district court adopted the calculations in the presentence report. Forrester asked the district court for a downward variance based on several problems in his personal life, but the court denied the request. The district court sentenced Forrester to 108 months of imprisonment. Forrester did not appeal his conviction or sentence.

Forrester moved to vacate his sentence. 28 U.S.C. § 2255. In a brief attached to the motion, Forrester argued that his trial counsel was ineffective because he failed to object when the court used the cross-reference in section 2G1.1 to increase Forrester's base offense level. Forrester argued that he was

prejudiced by counsel's conduct because he received a longer sentence than warranted.

The district court denied Forrester's motion to vacate. The court ruled that section 2G1.1(c)(2) applied because Forrester was guilty of attempted sexual abuse when he crossed a state line intending to engage in sexual activity with Kelly, who was younger than 12 years old. 18 U.S.C. § 2241(c). The court also ruled that Forrester's trip to Atlanta was relevant conduct. U.S.S.G. § 1B1.3(a)(3). The court concluded that Forrester was sentenced correctly and he was not denied effective assistance of counsel.

## II. STANDARD OF REVIEW

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error." Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

## III. DISCUSSION

Forrester contends that his trial counsel was ineffective for failing to object when the district court applied the cross-reference in section 2G1.1(c)(2) and that error prejudiced the outcome of his case. Forrester contends that counsel should have challenged use of the cross-reference on two grounds: Forrester's conversations with Kate could not amount to attempted criminal sexual abuse as

5

defined in section 2241(c); and his trip to Atlanta was not relevant conduct under section 1B1.3. Forrester's argument fails.

The district court correctly applied the cross-reference in section 2G1.1(c)(2) to increase Forrester's base offense level. Because Forrester pleaded guilty to using a means of interstate commerce to entice child to engage in sexual activity, 18 U.S.C. § 2422(b), the district court was required to apply the Guideline for prohibited sexual conduct, U.S.S.G. § 2G1.1. See id. App. A (2003). Section 2G1.1 directed the district court to apply the Guideline for criminal sexual abuse if the offense involved "criminal sexual abuse, attempted criminal sexual abuse, or assault with intent to commit criminal sexual abuse," id. § 2G1.1(c)(2), "as defined in 18 U.S.C. § 2241 or § 2242," id. cmt. n.10. Section 2241(c) provides that "whoever crosses a State line with the intent to engage in a sexual act with a person who has not attained the age of twelve years" is guilty of aggravated sexual abuse.

Although he was not convicted of the crime, the district court could reasonably find that Forrester committed aggravated sexual abuse. Aggravated sexual abuse requires proof of the following two elements: (1) interstate travel (2) with the intent to engage in a sexual act with a minor. See Eleventh Circuit Criminal Pattern Jury Instruction 11. The record established that Forrester discussed with Kate in graphic detail acts of oral sex and sexual intercourse he

6

desired to perpetrate on Kelly, Forrester coordinated his travel plans with Kate, and Forrester drove from Greenville to Atlanta and arrived at the time and place he had designated. See United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007).

The district court was entitled to find that Forrester's trip to Atlanta was relevant to his offense of enticement. Forrester's stated purpose for the travel was to engage in sexual activity with Kelly. See U.S.S.G. § 1B1.3(a)(1), (a)(3) (including as relevant conduct "all acts . . . committed . . . counseled, commanded, induced, procured or willfully caused by the defendant . . . that occurred during the commission of . . . [or] in preparation for that offense . . . and all harm that was the object of such acts and omissions). Forrester's travel was relevant conduct.

Forrester failed to prove that he was prejudiced because his trial counsel failed to object to his base offense level. Forrester was required to prove that, if counsel had objected to his offense level, "the result of [his sentencing] proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). The district court correctly calculated Forrester's base offense level, and the objections Forrester alleges that counsel should have made would not have altered that decision. Because Forrester failed to prove he was prejudiced by counsel's representation, we need not address whether counsel's performance was deficient. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.

2000).

## IV. CONCLUSION

The denial of Forrester's motion to vacate his conviction is **AFFIRMED**.