[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 09-13242
Non-Argument Calendar

_____

D. C. Docket Nos. 08-22867-CV-JEM, 05-20776-CR-JEM

ARKEEM ATEBA WILTSHIRE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 12, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In United States v. Wiltshire, 238 Fed.Appx. 557 (11th Cir. 2007), we affirmed petitioner's convictions and sentences for conspiracy to import and to possess cocaine and for the substantive importation and possession offenses. Petitioner thereafter moved the district court to set aside his convictions and sentences pursuant to 28 U.S.C. § 2255 on the ground, among others, that his trial attorney had rendered ineffective assistance of counsel by erroneously advising him that, if found guilty of any of the charges contained in the indictment, he would be sentenced as a career offender.[1] Had counsel told him that he would not have been sentenced as a career offender, petitioner asserted, he would not have proceeded to trial; instead, he would have entered a plea of guilty.

The district court referred the motion to a magistrate judge, who held an evidentiary hearing at which petitioner and his two court-appointed attorneys testified. Petitioner testified that, in discussing with the second attorney appointed to represent him the possibility of entering a guilty plea, counsel showed him the Sentencing Guidelines and told him that he "scored out to 360 to life" and that he would be sentenced as a "career offender because [he] had two priors." Given this advice, petitioner said, he chose to stand trial. His attorney testified and denied

_____

[1] Successive attorneys were appointed to represent petitioner. The erroneous advice was allegedly provided by the second attorney.

giving petitioner such advice. He said that he told petitioner that the charges lodged against him carried a mandatory minimum sentence of ten years and that, due to his criminal history, he would not qualify for safety-valve relief from that minimum. According to the attorney, petitioner elected to go to trial because he "couldn't fathom taking that [ten-year mandatory minimum] sentence."

The magistrate judge, relying on the attorney's testimony and rejecting petitioner's as not credible, recommended that the district court deny relief. The district court adopted the magistrate judge's recommendation and denied petitioner's § 2255 motion in full. Petitioner filed a notice of appeal, and the district court granted a certificate of appealability on one issue: whether petitioner's attorney rendered ineffective assistance of counsel by incorrectly advising petitioner that he would be sentenced as a career offender if he pled guilty.

A defendant is entitled to effective assistance of counsel under the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 684-85, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). The two-part Strickland test for ineffective assistance of counsel applies in determining whether counsel was ineffective during the plea process. Hill v. Lockhart, 474 U.S. 52, 57-58, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985); see Coulter v. Herring, 60 F.3d 1499, 1504 n.7 (11th

Cir. 1995) (noting that Hill applies when a defendant decided not to accept a plea offer and proceeds to trial).  First, to prevail on an ineffective assistance claim, "the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  Second, the defendant must establish that he suffered prejudice as a result of that deficient performance.  Id.; see Coulter, 60 F.3d at 1504.  In the case at hand, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial."  Hill, 474 U.S. at 59, 106 S.Ct. at 370; see Coulter, 60 F.3d at 1504.

As noted above, this appeal turns on whether the magistrate judge, and thus the district court, committed clear error in rejecting petitioner's testimony and accepting his attorney's.  In reviewing such a claim, we defer to their credibility determinations.  Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008) (citing United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003)).  We do so "even if we would have decided the case differently."  McPhee, 336 F.3d at 1275 (quotation omitted).

4

We find no basis in the record for rejecting the credibility determinations made following the evidentiary hearing in this case. We acordingly affirm the district court's judgment.

AFFIRMED.