[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10022
Non-Argument Calendar

_____

D.C. Docket Nos. 1:10-cv-23135-AJ ; 1:05-cr-20315-AJ-1

DEAN DRUMMOND,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 19, 2012)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Dean Drummond, a federal prisoner, appeals the denial of his motion to

vacate his sentence filed pursuant to 28 U.S.C. § 2255.[1] Drummond contends that his defense counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), in failing to advise him of his option to plead guilty without entering into a written plea agreement.

To establish that his counsel provided ineffective assistance, Drummond must show that his counsel's performance fell below an objective standard of reasonableness measured by prevailing professional norms, and that this deficiency prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). We need not decide whether counsel performed deficiently if we conclude that Drummond was not prejudiced by any alleged deficiency. See id. at 697.

Drummond argues that he received ineffective assistance because he claims that none of the three defense attorneys who represented him prior to his trial advised him of the option to enter an open plea and thereby become eligible for a reduction of his sentence for acceptance of responsibility. However, the magistrate judge who presided over an evidentiary hearing on Drummond's § 2255 petition found that, even if Drummond had been advised of the opportunity to enter an open plea, he still would have decided to go to trial. The magistrate judge's

---

1    Drummond was convicted of conspiring to import cocaine and marijuana, conspiring to possess cocaine and marijuana, and possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 963, 846, 841(a)(1).

2

conclusion is supported by the testimony of two of Drummond's attorneys, who testified that Drummond repeatedly expressed interest in going to trial and believed that trial was worthwhile given the length of his potential sentence, even with a reduction for acceptance of responsibility.

Moreover, although Drummond claims that none of his attorneys advised him of the opportunity to enter an open plea, one of his defense attorneys testified that he did inform Drummond of his probable sentence if he entered a guilty plea, and that Drummond responded that he wanted to go to trial because, even with a plea, the sentence would be too long.[2]  The magistrate judge who presided over the hearing on Drummond's § 2255 motion found the defense attorney's version of events to be credible.  We accord deference to this determination, and Drummond points to no additional evidence or testimony that calls the magistrate judge's finding into question.  See Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).  Accordingly, Drummond has not shown that any lack of advice from his attorneys prejudiced the outcome of his sentencing.

**AFFIRMED**

---

[2]    R. 3 at 54-55.

3