[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14781
Non-Argument Calendar

_____

D.C. Docket Nos. 0:10-cv-62369-JIC ; 0:10-cr-60050-JIC-1

LOUIS WEEKS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before DUBINA, Chief Judge, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant Louis Weeks appeals the denial of his motion to vacate his

federal sentence, pursuant to 28 U.S.C. § 2255.  We granted a certificate of appealability on the following issue: "Whether the district court erred in determining that counsel's failure to file a notice of appeal was not ineffective assistance?  *See Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000); *Thompson v. United States*, 504 F.3d 1203 (11th Cir. 2007)." Weeks argues on appeal that his counsel provided ineffective assistance because he failed to file a notice of appeal after Weeks instructed him to do so, and that Weeks would have pursued an appeal had his counsel adequately consulted with him.

In a § 2255 proceeding, "we review a district court's legal conclusions *de novo* and factual findings for clear error."  *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). Whether counsel was ineffective is a mixed question of law and fact that we review *de novo*.  *Id.*  "We allot substantial deference to the factfinder in reaching credibility determinations with respect to witness testimony."  *Id.* (internal quotation marks and ellipsis omitted).

To prevail on an ineffective assistance of counsel claim, a party must establish that (1) his counsel's performance was deficient and (2) that he suffered prejudice as a result of that deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  The *Strickland* test

2

also applies to claims for ineffective assistance based on the failure to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 476-77, 120 S. Ct. at 1034.   Because the moving party bears the burden of establishing a right to relief in habeas proceedings, when "counsel cannot recall specifics about his actions due to the passage of time and faded memory, we presume counsel performed reasonably and exercised reasonable professional judgment." *Blankenship v. Hall*, 542 F.3d 1253, 1274 (11th Cir. 2008) (28 U.S.C. § 2254 context); *cert. denied*, 131 S. Ct. 1041 (2011).

With respect to the performance prong, an attorney who fails to follow his client's specific instructions to file a notice of appeal acts in a professionally unreasonable manner. *Flores-Ortega*, 528 U.S. at 477, 120 S. Ct. at 1035.  By the same logic, a client cannot later claim that his attorney was deficient in failing to file an appeal when the client explicitly instructed his attorney not to file an appeal. *Id.*  In the absence of specific instructions, an attorney has a constitutional duty to consult with his client about an appeal when (1) a rational defendant would want to appeal, or (2) the defendant reasonably demonstrated to counsel an interest in seeking an appeal. *Id.* at 480, 120 S. Ct. at 1036.  Adequate consultation requires the following: (1) "informing a client about his right to appeal"; (2) "advising the client about the advantages and disadvantages of taking an

3

appeal"; and (3) "making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." *Thompson*, 504 F.3d at 1206.  Any waiver of the right to appeal must be knowing and voluntary.  *Id.* at 1206-07.

With respect to the prejudice prong, the movant must establish that, had he received reasonable advice from his attorney about an appeal, he would have instructed his attorney to file an appeal.  *Flores-Ortega*, 528 U.S. at 486, 120 S. Ct. at 1039.  While "showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed," the movant need only show that, but for his attorney's deficient performance, he would have appealed. *Id.* at 486, 120 S. Ct. at 1039-40.

The district court found that based on credibility determinations, counsel discussed with Weeks options to reduce his sentence; that counsel told Weeks he could not appeal and cooperate with the government at the same time; that counsel told Weeks his best option was to pursue cooperation; and that Weeks thereafter decided to pursue cooperation with the government rather than an appeal.  The district court's factual findings were not clearly erroneous.  Thus, we conclude from the record that counsel's performance was not deficient because he consulted with Weeks about whether to take an appeal and made a reasonable effort to

4

determine and carry out Weeks's wishes.  *Thompson*, 504 F.3d at 1206.

Accordingly, we affirm the district court's order denying Weeks's § 2255 motion.

**AFFIRMED.**