[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12979
Non-Argument Calendar
_____

D.C. Docket Nos. 9:09-cv-81530-DTKH,
9:99-cr-08125-DTKH-2

GARLAND HOGAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 19, 2013)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Garland Hogan, a federal prisoner, appeals the district court's denial of his counseled 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence following his convictions for one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 371, nine counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and one count of money laundering, in violation of 18 U.S.C. § 1957.  Hogan claimed that his trial counsel, Nathan Clark, rendered constitutionally ineffective assistance by failing to seek to suppress statements that Hogan made at a pretrial debriefing in 1999.  At the debriefing, he made statements indicating that he had lied to the grand jury under oath.  At the underlying criminal trial, the government presented these statements as evidence of his guilt.

A magistrate judge held an evidentiary hearing and issued a report and recommendation (R&R) recommending that Hogan's § 2255 motion be denied because the debriefing did not constitute a plea negotiation.  The magistrate discredited Hogan's testimony, and concluded that Hogan had written a comment stating that he did not attend the debriefing with the intent of pleading guilty on a memo related to the debriefing.  The district court adopted the R&R in full and denied Hogan's motion.

2

On appeal, Hogan argues that Clark provided ineffective assistance by failing to file a motion to suppress the statements he made at the debriefing. He contends that the government's statements in the debriefing memo along with the testimony at the § 2255 hearing demonstrate that the debriefing was essentially part of a plea negotiation. He claims Clark's failure to seek to suppress Hogan's statements constituted deficient performance, which was prejudicial because the government relied heavily on his admission that he lied to the grand jury to undermine his credibility at trial and prove that he had the requisite knowledge and intent to commit the offenses.

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error." *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008) (per curiam). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo." *Id.* Substantial deference is given to the factfinder in reaching credibility determinations. *Id.* We may affirm on any ground supported by the record. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

To make a successful claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). We are not required to consider the two prongs in

3

any particular order. *Dell v. United States*, 710 F.3d 1267, 1274 (11th Cir. 2013). Because the petitioner must establish both prongs, we "need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Id.* (internal quotation marks omitted).

Regarding the performance prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. The prisoner must "establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004). To show prejudice, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Butcher*, 368 F.3d at 1293.

Rule 11 of the Federal Rules of Criminal Procedure provides that "[t]he admissibility . . . of a plea, plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f). Rule 410 states, in relevant part, that any statement made in the course of any Rule 11 proceeding is

4

not admissible against a defendant in any civil or criminal proceeding.  Fed. R. Evid. 410(a)(3).  A court cannot admit a statement made during plea discussions if the discussions did not result in a guilty plea or resulted in a later-withdrawn guilty plea.  Fed. R. Evid. 410(a)(4).  "To determine whether a discussion should be characterized as a plea negotiation the trial court must determine, first, whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion, and, second, whether the accused's expectation was reasonable given the totality of the objective circumstances."  *United States v. Merrill*, 685 F.3d 1002, 1013 (11th Cir. 2012) (internal quotation marks omitted).

Clark's failure to file a suppression motion did not constitute deficient performance because the debriefing was not a plea negotiation for the purposes of Rule 11 and Rule 410.  Critically, Hogan's comments on the debriefing memo indicate that he never expressed a desire to plead guilty, which demonstrates that he did not have a subjective expectation to negotiate a plea at the debriefing.  *See Merrill*, 685 F.3d at 1013.  Though Hogan says that the comments in the memo were not written by him, he admitted to sending the edited memo to Clark via e-mail and Clark said that he relied on Hogan's statement that he did not participate in the debriefing with the intent of pleading guilty.  Further, the magistrate discredited Hogan's testimony and concluded that he had prepared the comment in the memo.  *See Devine*, 520 F.3d at 1287 ("We allot substantial deference to the

5

factfinder in reaching credibility determinations with respect to witness testimony." (internal quotation marks and alteration omitted)).

Even if Hogan had the subjective expectation to negotiate a plea, he admitted that he voluntarily participated at the debriefing and that he understood that he was not being promised any benefit for his cooperation, and there was never a firm plea offer from the government. Given the government's firm position that it would not promise any benefits to Hogan for his cooperation, any expectation that Hogan had to negotiate a plea was not objectively reasonable. *See Merrill*, 685 F.3d at 1013. Ultimately, even if Hogan had a colorable argument that his statements at the purported plea negotiations were inadmissible, counsel's failure to raise the issue cannot be construed to be "outside the wide range of reasonable professional assistance." *Butcher*, 368 F.3d at 1293. Thus, Hogan has failed to make a showing of deficient performance on the part of his trial counsel. Accordingly, we affirm the district court's denial of Hogan's § 2255 motion.

**AFFIRMED.**