[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14452

_____

D.C. Docket Nos. 3:11-cv-00082-HLA-JRK,
3:09-cr-00059-HLA-JRK-1

BOBBY ALEXANDER SMITH,

                                                                Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 24, 2014)

Before MARTIN and ANDERSON, Circuit Judges, and HUCK,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Paul C. Huck, United States District Judge for the Southern District of Florida,
sitting by designation.

In this appeal, Bobby Alexander Smith challenges the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. In 2009 Smith pleaded guilty to one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g). Based on three previous convictions that were characterized as violent felonies, Smith received a 15-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). On appeal, Smith argues his counsel was ineffective for failing to challenge the characterization of one of his prior convictions, that is his child abuse conviction, as a violent felony under the ACCA. After review and with the benefit of oral argument, we affirm.

I.

In 2009 Smith pleaded guilty to Possession of a Firearm by a Convicted Felon. The plea agreement noted the application of the ACCA and that the offense had a minimum mandatory sentence of 15 years (180 months) imprisonment. The Presentence Investigation Report (PSI) also provided that Smith was subject to an enhanced sentence under the ACCA because he had three prior convictions for violent felonies, including one for child abuse under Florida law. 18 U.S.C. § 924(e).

At sentencing, Smith was represented by a highly-respected, long-time attorney from the Federal Defender Office. Smith's counsel made no objections to the factual statements contained in the PSI or to the application of the ACCA to

2

Smith's sentence.  During the sentencing hearing, Smith's counsel and the Court noted the possibility of a future sentence reduction under Fed. R. Crim. P. 35. Apparently in anticipation of the Rule 35 motion, Smith's counsel presented evidence for the Court to consider in a future sentence reduction.  Smith's counsel called four witnesses, including the child abuse victim, Smith's stepdaughter.  To make the case for a more lenient sentence under the 18 U.S.C. § 3553(a) factors, Smith's counsel presented information about the nature and circumstances of Smith's firearm possession offense, as well as Smith's personal history and characteristics, including letters of support from a community group.  Under his counsel's direction, Smith also made a lengthy and substantive statement to the Court.

Noting he had no other option, the district court judge sentenced Smith to 180 months imprisonment, the minimum sentence permitted by the ACCA.  18 U.S.C. § 924(e)(1).  Without this mandatory minimum, Smith's sentencing range would have been 135 to 168 months.  During the sentencing hearing, the district court expressly noted that if a Rule 35 motion was filed, it was likely that Smith's sentence would be substantially lowered.

Six months later the government did indeed file a motion under Fed. R. Crim. P. 35(b)(1) recommending a one-third reduction in Smith's sentence from

180 to 121 months.  The district court granted the motion, and granted relief beyond that requested by the government, reducing Smith's sentence to 84 months.

Also during this time, Smith filed a motion under 28 U.S.C. § 2255 to vacate his sentence.  It is that motion which is the subject of this appeal.  This motion claimed that Smith's sentencing counsel provided ineffective assistance because he failed to argue that Smith's child abuse conviction was not a violent felony under the ACCA.  The district court denied the § 2255 motion, finding Smith had demonstrated neither deficient performance on the part of his sentencing counsel, nor prejudice as a result of counsel's failure to object to his ACCA classification.

## II.

In reviewing the denial of a § 2255 motion to vacate, this Court reviews questions of law de novo and findings of fact for clear error.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo.  Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

To succeed on an ineffective-assistance-of-counsel claim, a defendant has the burden of showing (1) that his counsel's performance was deficient; and (2) that the deficient performance caused him prejudice.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  Deficiency in performance is measured by an "objective standard of reasonableness."  Id. at 688, 104 S. Ct. at

4

2064.  We must determine whether, on the facts of the particular case and from counsel's perspective at the time, the identified omission was "outside the wide range of professionally competent assistance."  Id. at 690, 104 S. Ct. at 2066.

With these principles in mind, we conclude that Smith cannot prevail on his ineffective assistance of counsel claim.  Specifically, Smith's claim fails because he cannot show based on the facts of this case and his counsel's perspective at the time, that his sentencing counsel's performance was deficient, or "outside the wide range of professionally competent assistance."  Id.  A challenge to Smith's child abuse conviction as an ACCA predicate was not certain to be successful given this circuit's law at the time.  See United States v. Glasco, 223 F. App'x 951, 956 (11th Cir. 2007) (finding child abuse conviction constituted a "crime of violence" for purposes of a sentencing enhancement).

Even if a challenge could have been made, the sentencing hearing transcript indicates that Smith's experienced sentencing counsel made the strategic choice to take a different tact.  He chose instead to work with the government and paint a persuasive, sympathetic picture for the sentencing judge in preparation for a Rule 35 motion for a substantial sentence reduction Smith hoped to receive in the not so distant future.  The sentencing transcript reflects that Smith's counsel spent time investigating his client's circumstances and then prepared Smith and other

witnesses to testify at the hearing and offer letters of support to develop an extensive and favorable factual record for Smith's hoped-for resentencing.

In the end, Smith's counsel's strategic choice was successful in persuading the district court to reduce Smith's sentence by nearly 50 percent to 84 months. This 84-month sentence was considerably lower than both the sentence requested by the government and the sentencing range that would have been ascribed to Smith even if he had not been sentenced as an Armed Career Criminal. Based on this record, Smith's sentencing counsel's performance was not "outside the wide range of professionally competent assistance."[1]

### III.

Because Smith has not shown on the record before us that his sentencing counsel's performance was deficient, we affirm the district court's denial of his § 2255 motion to vacate.

**AFFIRMED.**

---

[1] An ineffective assistance of counsel claim requires a defendant to show both deficiency and prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Because Smith has failed to establish the first requirement—that his counsel's performance was deficient—we do not consider whether he was prejudiced.