[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10361
Non-Argument Calendar
_____

D.C. Docket Nos. 8:12-cv-00914-JSM-TGW, 8:09-cr-00440-JSM-TGW-3

ALTON JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 4, 2014)

Before PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Alton Jones, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Jones sought to raise two claims of ineffective assistance of counsel based on his trial counsel's failure to advise him of his ability to enter an open guilty plea and failure to pursue a substantial-assistance departure in a timely manner.

On appeal, Jones argues that his trial counsel provided ineffective assistance by failing to advise him of Jones's ability to enter open guilty pleas. He states that he was unaware of his ability to enter his pleas without a plea agreement or to enter an agreement without an appeal waiver. He contends that he was prejudiced by his counsel's assistance:  his pleas were, in effect, involuntary and he was precluded from pursuing a direct appeal or seeking habeas relief. He also contends that the district court's sentence -- although within the guidelines -- is unreasonable.

The government asserts that the record is insufficient to evaluate the question on appeal and requests that we remand the case for further proceedings and factual development. It contends that the district court's rationales (mainly that Jones had voluntarily pleaded guilty) for denying Jones's motion were flawed because the rationales ignored the substance of Jones's claims and were not supported by the record. The government notes that the record is currently

insufficient to evaluate the performance of Jones's trial counsel, partially due to the government's choosing to submit no affidavit from said counsel.

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions *de novo* and factual findings for clear error." *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Id.*

We agree with the government that the district court erroneously concluded that Jones was precluded from raising his claims based on his guilty pleas, where Jones specifically challenged the voluntariness of the pleas. We also agree that the record is insufficiently developed to evaluate Jones's trial counsel's performance. Therefore, we vacate the district court's dismissal order and remand the case for further proceedings and factual development.

**VACATED AND REMANDED.**

3