[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11710
Non-Argument Calendar
_____

D.C. Docket Nos. 5:12-cv-90122-MTT-CHW,
5:08-cr-00072-MTT-CHW-1

ORASAMA ANDREWS,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 17, 2015)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Orasama Andrews, through counsel, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, in which Andrews challenged his life sentence for distribution of crack cocaine. We granted Andrews a certificate of appealability on whether Andrews's trial lawyer was ineffective for "failing to adequately inform [Andrews] of the sentencing consequences of the 21 U.S.C. § 841 enhancement, thereby causing [Andrews] to reject the government's plea offer."[*] Andrews also challenges the district court's denial of his pro se motion for a new trial. No reversible error has been shown; we affirm.

I.

In reviewing a district court's denial of a section 2255 motion, we review legal conclusions de novo and fact determinations for clear error. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo." Id. We accord "substantial deference to the factfinder in reaching credibility

---

[*] Under the terms of the government's plea offer, Andrews's guideline range would have been reduced to between 151 and 188 months' imprisonment. Instead of accepting the plea offer, Andrews proceeded to trial and was convicted of two counts of drug distribution. As a result of the section 841 sentencing enhancement -- imposed based on Andrews's two prior felony drug convictions -- Andrews was subject to a mandatory life sentence.

determinations with respect to witness testimony." Id. (alteration omitted). We will not disturb a credibility determination "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his lawyer's "representation fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc). If the defendant makes an insufficient showing on one element, we need not address the other. Strickland v. Washington, 104 S.Ct. 2052, 2069 (1984). We apply this two-part test to ineffective-assistance-of-counsel claims about a lawyer's performance during the plea-bargaining process. Coulter v. Herring, 60 F.3d 1499, 1503-04 & n.7 (11th Cir. 1995).

The proper measure of a lawyer's performance is "reasonableness under prevailing professional norms"; and our review of a lawyer's performance is "highly deferential." Chandler, 218 F.3d at 1313-14. A "strong presumption" exists that counsel's performance was reasonable. Id. at 1314. Thus, "where the record is incomplete or unclear about counsel's actions, we will presume that he

did what he should have done, and that he exercised reasonable professional judgment." Id. at 1315 n.15 (alteration omitted).

To demonstrate prejudice, a defendant who rejected the government's plea offer must show "a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter, 60 F.3d at 1504 (alterations omitted). A defendant cannot show prejudice if he offers no evidence that he would have accepted a plea offer absent his lawyer's errors. Id.

After conducting an evidentiary hearing and observing the demeanor of both Andrews and Andrews's trial lawyer, the magistrate judge credited the trial lawyer's testimony (1) that he informed Andrews that the government had filed an enhancement under which Andrews would face a mandatory life sentence if convicted; and (2) that he never told Andrews that Andrews would be exposed to the same sentence regardless of whether Andrews accepted the government's plea offer or was convicted at trial. We grant substantial deference to the magistrate judge's credibility findings. See Devine, 520 F.3d at 1287.

Moreover, the record contradicts Andrews's contention that he was unaware of the section 841 enhancement or that he faced a mandatory life sentence if convicted. At the arraignment and detention hearing, the government explained expressly that it had filed an enhancement that would subject Andrews to a

4

mandatory life sentence.  In response, the judge determined -- "because of the enhancement" and because Andrews was "facing a possibility of life imprisonment" -- that Andrews was a flight risk and, thus, ordered pretrial detention.  On this record, we accept the magistrate judge's credibility determination.  Andrews has failed to show that his trial lawyer performed deficiently.

Andrews has also offered no evidence that he would have accepted the government's plea offer absent his trial lawyer's alleged error.  Thus, Andrews has also failed to demonstrate that he suffered prejudice.  See Coulter, 60 F.3d at 1504.  We affirm the district court's denial of Andrews's section 2255 motion to vacate.

II.

Andrews also argues that the district court erred in denying his motion for a new trial without conducting an evidentiary hearing.  In support of his motion, Andrews submitted four affidavits that he contends constitute newly discovered evidence of three facts: (1) that the two confidential informants, Swint and Reid, conspired to make fake controlled drug buys from Andrews; (2) that an officer threatened Swint into testifying against Andrews; and (3) that Reid used drugs before meeting officers to conduct the second controlled buy.

We review for abuse of discretion the district court's denial of a motion for a new trial based on newly discovered evidence. United States v. Fernandez, 136 F.3d 1434, 1438 (11th Cir. 1998). We also review the denial of an evidentiary hearing under an abuse-of-discretion standard. Id.

To warrant a new trial based on newly discovered evidence a defendant must satisfy these five criteria:

> (1) the evidence was discovered after trial, (2) [the defendant's] failure . . . to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). "[M]otions for a new trial are highly disfavored," and district courts must exercise "great caution" in awarding a new trial based on newly discovered evidence. Id.

The district court committed no abuse of discretion in denying Andrews's motion for a new trial. The affidavits relied upon by Andrews consist largely of inadmissible hearsay, and the allegations in the affidavits are unsubstantiated by an "objectively credible source." See United States v. Calderon, 127 F.3d 1314, 1354 (11th Cir. 1997) (denying a motion for new trial based only on "self-serving affidavits" that were "totally unsubstantiated by any objectively credible source.") Furthermore, because the testimony in the affidavits would be used mainly to impeach the confidential informants' trial testimony about the controlled drug buys

6

from Andrews, the evidence fails to satisfy the third criteria.  See United States v. Garcia, 13 F.3d 1464, 1472 (11th Cir. 1994) ("Newly discovered impeaching evidence is unworthy of a new trial.").

The district court also abused no discretion in denying Andrews an evidentiary hearing on his motion; the court had sufficient evidence to rule on the motion.  Unlike our decision in United States v. Gates, 10 F.3d 765 (11th Cir. 1993) -- in which we remanded for an evidentiary hearing to explore further an exculpatory affidavit from a non-testifying co-defendant -- this case presents no unique situation warranting an evidentiary hearing.

AFFIRMED.