[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11399
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00371-TWT-CMS-1

MARK A. CARLYLE,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 23, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Mark Carlyle, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate.  The district court granted Carlyle a certificate of appealability ("COA") on the issue of whether he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), or whether his claim is barred by his unconditional guilty plea.  After careful review, we affirm.

## I.

In 2018, Carlyle pled guilty to one count of possession of counterfeit U.S. currency, in violation of 18 U.S.C. § 472, and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  The district court sentenced him to 77 months' imprisonment on each count, to run concurrently. Carlyle did not file a direct appeal.

Carlyle's indictment alleged that he had been convicted of three felonies in Georgia state court prior to the instant offense conduct.  At the plea colloquy, the government stated that it would have introduced certified copies of those convictions if the case had proceeded to trial, and Carlyle stated that he did not disagree with the government's description of the facts.  The presentence investigation report ("PSR") indicated that Carlyle received a four-year prison sentence as to one of his convictions and served 26 months of that sentence.  He did not object to the PSR's allegations regarding his criminal history.

2

In January 2020, Carlyle filed a 28 U.S.C. § 2255 motion to vacate, arguing that, pursuant to *Rehaif*, his § 922(g) conviction should be vacated because his indictment was defective for failing to allege that he knew that he was a convicted felon at the time he possessed a firearm. He further argued that his guilty plea was not knowing or voluntary because neither the indictment nor the plea colloquy provided notice that the government was required to prove that element.

The district court denied Carlyle's motion to vacate, concluding that his *Rehaif* claim was non-jurisdictional and he had therefore waived it by pleading guilty. It granted a COA on the issue of whether he is entitled to relief under *Rehaif* or whether his claim is barred by his unconditional guilty plea. Carlyle now appeals.

## II.

In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).

It is unlawful for any person who has been convicted of a felony to possess a firearm or ammunition, 18 U.S.C. § 922(g)(1), and any person who "knowingly violates" § 922(g) may be imprisoned for a maximum of ten years, *id.* § 924(a)(2). In *Rehaif*, the Supreme Court held that the word "knowingly" in § 924(a)(2) modifies both elements of § 922(g), meaning that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the

3

relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Accordingly, an indictment charging a § 922(g) offense is defective if it fails to allege the knowledge-of-status element. *See United States v. Moore*, 954 F.3d at 1333-34 (11th Cir. 2020).

### III.

Carlyle contends that his guilty plea does not bar a *Rehaif* challenge for two reasons: first, because the *Rehaif* defect in his indictment is jurisdictional, and second, because his guilty plea was not knowing and voluntary. Our binding precedent forecloses the first argument, and procedural default bars the second.

### A.

A *Rehaif* defect is not jurisdictional. *Moore*, 954 F.3d at 1334-37. As we explained in *Moore*, "[a] defective indictment only affects jurisdiction when it fails to allege an offense against the United States," not when it merely omits an element of an offense. *Id.* at 1336. Carlyle argues that his indictment did not allege a criminal offense because it did not track the language of § 924(a)(2). He contends that § 922(g) is not a criminal offense on its own and must be paired with § 924(a)(2) to charge a crime. But we rejected his argument in *Moore*. *See id.* at 1337.

A guilty plea waives all non-jurisdictional defects in the proceedings against a defendant. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). Because a *Rehaif* defect is not jurisdictional, Carlyle's unconditional guilty plea bars him

4

from raising a *Rehaif* challenge to his indictment—assuming, of course, that his guilty plea was valid.  We turn to that issue now.

**B.**

Carlyle argues that his guilty plea was involuntary because he did not know an essential element of the offense to which he pled.  He contends that the failure of notice was a structural error that presumptively affected his due process rights, satisfying the third prong of plain-error review with no need for an individual showing that he would not have pled guilty if he had been properly informed.  *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) ("To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights.").  Notably, he does not attempt to make an individual showing that his substantial rights were affected.

The government counters that Carlyle defaulted this claim by not challenging the validity of his plea on direct appeal and must satisfy the higher standard of cause and actual prejudice in order to raise it in a § 2255 motion to vacate.  The government is correct.  *See United States v. Bane*, 948 F.3d 1290, 1296 (11th Cir. 2020).

Under the procedural-default rule, a defendant generally is barred from presenting a challenge to a conviction or sentence in a § 2255 motion unless he first advances it on direct appeal.  *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).  Procedural default may be excused if the movant shows "cause for not

5

raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Id.* (quotation marks omitted).

The novelty of a claim may be cause to excuse a procedural default. *Bane*, 948 F.3d at 1296-97. We assume without deciding that Carlyle has shown cause. But he also must establish actual prejudice. To do so, he must show that the error worked to his "actual and substantial disadvantage," not merely "the possibility of prejudice." *Id.* at 1297 (quotation marks omitted).

Carlyle has not argued that he can meet the actual-prejudice standard, and he cannot. The government's obligation to prove knowledge is not "burdensome," and it may be inferred from circumstantial evidence. *Rehaif*, 139 S. Ct. at 2198. Here, the record contains sufficient evidence to establish knowledge. At the plea colloquy, Carlyle agreed that he had been convicted of three felonies at the time he possessed the firearm and, at sentencing, he did not dispute the PSR's statement that he served more than two years in prison for one of those convictions. For these reasons, had Carlyle been informed that the government needed to prove the knowledge-of-status element, the record amply supports the conclusion that the government would have been able to make that showing, and it contains no evidence that Carlyle would have decided not to plead guilty in light of that circumstance.

Accordingly, we affirm the district court's denial of Carlyle's § 2255 motion to vacate.

**AFFIRMED.**