[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  11-14981
Non-Argument Calendar
_____

D.C. Docket Nos. 1:09-cv-00750-WS; 1:08-cr-00152-WS-M-1


MCCOURTNEY LEDAVIS MONGHAN,

                                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____
(February 12, 2013)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

McCourtney Monghan, a federal prisoner appearing *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion. This Court granted a certificate of appealability on the sole issue of whether the district court erred in denying relief based on Mr. Monghan's claim that his counsel ignored his request to file a notice of appeal. After reviewing the record and the parties' briefs, we affirm.

In April of 2008, Mr. Monghan was charged in an eight-count indictment with various drug offenses. The government subsequently filed an information detailing its intent to seek a minimum mandatory sentence of 20 years' imprisonment based on a prior felony conviction. *See* 21 U.S.C. § 851. Soon thereafter, Mr. Monghan, with his family's assistance, retained attorney Donnis Cowart to replace his court-appointed counsel. During Mr. Cowart's representation, Mr. Monghan entered into a written agreement with the government in which he pled guilty to conspiracy to possess crack cocaine with the intent to distribute in exchange for dismissal of the other counts in the indictment.

The written agreement, signed by Mr. Monghan and Mr. Cowart on July 24, 2008, specified in bold type that Mr. Monghan's "previous felony drug conviction . . . increases the defendant's statutory sentence in the current case . . . to a minimum mandatory sentence of twenty years confinement." Mr. Monghan also agreed to waive his right to appeal or collaterally attack any sentence, except in a few limited

2

circumstances. The district court accepted the plea and later sentenced Mr. Monghan to 240 months' imprisonment. No appeal was filed.

On November 16, 2009, Mr. Monghan filed the § 2255 petition at issue in this case. He raised numerous challenges to his sentence, including claims of ineffective assistance of counsel, but later conceded that the sentence-appeal/collateral attack waiver in his plea agreement precluded the substantive challenges to his sentence. The ineffective assistance claims, however, were not included in the waiver. On September 8, 2011, the magistrate judge held an evidentiary hearing on those claims.

Mr. Monghan testified that he was unaware of the twenty-year minimum mandatory sentence, and would have proceeded to trial had he known about it.[1] He further alleged that, immediately after he was sentenced, he asked Mr. Cowart to file an appeal on his behalf. He later learned that an appeal was never filed, despite Mr. Cowart's alleged assertions that he was "working on it." Mr. Monghan's mother, fiancée, and his fiancée's sister also testified that they expressly requested Mr. Cowart to appeal and believed that an appeal had been filed. Mr. Cowart refuted their testimony, and testified that neither Mr. Monghan nor his family

---

[1] This allegation was not included in Mr. Monghan's § 2255 petition. We, therefore, do not address whether his plea was unknowing or involuntary. Our review is limited to the sole issue set forth in the certificate of appealability—the claim of ineffective assistance of counsel for failure to file an appeal. *See Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998).  For this reason, we also do not address the other claims raised in Mr. Monghan's § 2255 petition.

members ever directed him to appeal.

The magistrate judge recommended denying the ineffective assistance claims on the merits. He credited Mr. Cowart's testimony and found that Mr. Monghan was "not a credible witness." He also noted inconsistencies in the testimony of Mr. Monghan and his family members. The district court adopted the magistrate's report and recommendation and denied Mr. Monghan's § 2255 motion.

In a § 2255 proceeding, we review a district court's legal conclusions *de novo* and factual findings for clear error. *See Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). It is well settled that the legal standard for ineffective assistance of counsel claims is (1) whether counsel's performance was deficient and (2) whether the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In such a circumstance, prejudice is presumed. *See id.* at 483. This Circuit applies this standard even when a defendant has waived his right to appeal his sentence in a plea agreement. *See Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).

With this legal framework in mind, we turn to the factual determinations

made below. The magistrate judge, after hearing hours of testimony, discredited the version of events described by Mr. Monghan and his family members. Mr. Cowart expressly denied that Mr. Monghan (or Mr. Monghan's family members) requested him to file an appeal. The magistrate judge determined that Mr. Cowart's testimony was "internally consistent and uncontradicted by the evidence of record." We give substantial deference to the fact finder's witness credibility determinations, *see Devine*, 520 F.3d at 1287, and here we cannot say that the magistrate judge or the district court clearly erred. The magistrate judge resolved a factual dispute over whether Mr. Monghan asked Mr. Cowart to file an appeal— ultimately crediting Mr. Cowart's testimony that Mr. Monghan had not done so. There is no basis in the record for rejecting the credibility determinations made by the magistrate judge and adopted by the district court. Because the district court did not commit clear error, we affirm the denial of § 2255 relief.[2]

    **AFFIRMED.**

---

[2] The record suggests that Mr. Cowart advised Mr. Monghan of his appellate rights before sentencing, but did not discuss the possibility of an appeal post-conviction. We do not reach the issue of whether any failure to consult his client about an appeal constitutes ineffective assistance of counsel because Mr. Monghan did not raise such a claim in his § 2255 motion. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (declining to address an issue not raised in the habeas petition). Mr. Monghan's petition alleged only that Mr. Cowart did not file an appeal as instructed.