[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14607
Non-Argument Calendar
_____

Docket Nos. 1:11-cv-23234-MGC,
1:08-20896-MGC-6

MARTELLI GLOVER,

                                                      Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 26, 2013)

Before TJOFLAT, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Martelli Glover, through counsel, appeals the district court's denial of his pro se 28 U.S.C. § 2255 motion to vacate, which challenged his conviction and his 190-month sentence for conspiracy to distribute a controlled substance.  The district court granted a certificate of appealability ("COA") on whether Glover's trial lawyer, Michael Zelman, was ineffective (1) for failing to inform Glover of his right to testify at trial; (2) for seeking to exclude evidence that Glover was incarcerated during a substantial portion of the charged conspiracy; and (3) for advising Glover that he faced a ten-year sentence regardless of whether he pleaded guilty or proceeded to trial.  No reversible error has been shown; we affirm.

In reviewing a district court's denial of a section 2255 motion, we review legal conclusions de novo and fact determinations for clear error.  Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).  "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo."  Id.  We accord "substantial deference to the factfinder in reaching credibility determinations with respect to witness testimony."  Id. (alteration omitted).

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his lawyer's performance was deficient and that (2) he suffered prejudice as a result of that deficient performance.  Strickland v.

Washington, 104 S.Ct. 2052 (1984).  If the defendant makes an insufficient showing on one element, we need not address the other.  Id. at 2069.

Under the first part of the test, the proper measure of counsel's performance is reasonableness under prevailing professional norms; and our review of counsel's performance must be "highly deferential."  Id. at 2065.  A "strong presumption" exists that "counsel's conduct falls within the wide range of reasonable professional assistance."  Id.

Under the second part, prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 2068.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

I.

In his first claim, Glover contends that he was denied effective assistance of counsel when Zelman failed allegedly to inform Glover of his right to testify at trial.  Glover said that, had he been given the opportunity, he would have testified at trial "to refute all of the government's allegations pertaining to his alleged conduct."

3

A criminal defendant has a fundamental constitutional right to testify at trial, and this right cannot be waived by defense counsel. United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). Defense counsel is responsible for "advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide." Id. at 1533.

Even assuming (without deciding) that Zelman performed deficiently by failing to advise Glover of his right to testify, Glover has failed to demonstrate a reasonable probability that his proposed testimony -- a blanket denial of the government's allegations -- would have altered the outcome of the trial. Kilvin Jasmin, an alleged co-conspirator, testified at Glover's trial about Glover's involvement in the conspiracy. The jury heard several audio recordings of conversations between Glover and Jasmin during which the two men discussed selling drugs, monitoring police activity, and Glover's payment for selling drugs. The government also introduced evidence of Glover's own statement to police that he had been selling drugs for Jasmin.

In the light of this strong evidence of Glover's guilt, no reasonable probability exists that, had Glover testified, he would have been found not guilty.

4

Because Glover has failed to demonstrate that he was prejudiced by Zelman's performance, he is unentitled to habeas relief on this claim.[1]

## II.

Next, Glover argues that Zelman was ineffective for seeking to exclude evidence that Glover was incarcerated during a substantial period of the conspiracy.[2] Glover contends that evidence of his incarceration proved that he was not responsible for the full amount of drugs or for all the acts alleged in the indictment. Because evidence of Glover's arrest and imprisonment was introduced ultimately to the jury, Glover asserts that Zelman's "strategic decision" to try to exclude this information was unreasonable.

A lawyer's "strategic decisions made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 104 S.Ct. at 2066. And "our strong reluctance to second guess strategic decisions is even greater where those decisions were made by experienced criminal defense

---

[1] On appeal, Glover argues for the first time that the district court abused its discretion by not conducting an evidentiary hearing on whether Zelman was ineffective for failing to advise Glover of his right to testify. Because this argument is outside the scope of the COA, we need not address it. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (explaining that "appellate review is limited to the issues specified in the COA.").

[2] According to the second superseding indictment, the conspiracy ran between March 2007 and September 2008. Glover was arrested on unrelated charges on 29 November 2007 and remained in custody for the duration of the conspiracy.

5

counsel" such as Zelman.  See Rhode v. Hall, 582 F.3d 1273, 1282 (11th Cir. 2009).

At trial, the government sought to introduce evidence of Glover's arrest on unrelated charges to show that, although Glover stopped working for Jasmin in November 2007 (when Glover was arrested), he did not withdraw voluntarily from the conspiracy.  Zelman objected to the evidence as prejudicial.  The court overruled the objection, explaining that the prejudicial effect was outweighed by the government's need to prove that Glover participated in the conspiracy until his arrest.

Evidence that Glover was arrested is inherently prejudicial and -- as the government argued -- that Glover's participation in the conspiracy ended only after he was arrested was harmful to Glover's defense.  Thus, we cannot say that Zelman's strategic decision to try to exclude evidence of Glover's incarceration fell below the wide range of reasonable professional assistance.  Glover has failed to demonstrate that Zelman's performance was deficient.

In addition, because evidence of Glover's incarceration was introduced ultimately and because Glover was held responsible only for his pre-arrest conduct and for the drugs that he sold personally, he suffered no prejudice.[3]

---

[3] Glover argues that the district court abused its discretion by not conducting an evidentiary hearing on this issue.  This argument is outside the scope of the COA and we need not address it. See Murray, 145 F.3d at 1250-51.

6

III.

In his third claim, Glover contends that Zelman was ineffective for advising Glover that he faced a maximum ten-year sentence regardless of whether he pleaded guilty or proceeded to trial.  Glover says that he told Zelman that he wanted to plead guilty, but that Zelman told Glover that he could "beat this case" if he proceeded to trial.  Glover asserts that, but for Zelman's erroneous advice, he would have pleaded guilty.[4]

We apply the Strickland analysis to ineffective assistance claims about a lawyer's advice on whether a defendant should plead guilty.  Coulter v. Herring, 60 F.3d 1499, 1503-04 & n.7 (11th Cir. 1995).  To succeed on such a claim, a defendant must show "a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial."  Id. at 1504 (alterations omitted).  A defendant cannot show prejudice if he offers no evidence that he would have accepted a plea offer absent his lawyer's errors.  Id.

After conducting an evidentiary hearing, the magistrate judge credited Zelman's testimony (1) that he explained to Glover the likelihood of success at trial and the possible penalties Glover faced; (2) that Zelman never advised Glover

---

[4] On appeal, Glover does not argue that the government's email to Zelman constituted a plea offer and does not argue that Zelman was ineffective for failing to notify Glover of the email. Thus, Glover has abandoned this issue. See United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001).

that he would receive only a ten-year sentence; and (3) Glover never was interested in accepting a plea offer and insisted on proceeding to trial.

We grant substantial deference to these credibility findings. See Devine, 520 F.3d at 1287. And, given that Glover's evidentiary hearing testimony contradicted directly his sworn allegation that Zelman told him that he would receive a ten-year sentence whether he pleaded guilty or proceeded to trial, the magistrate abused no discretion in discrediting Glover's testimony. Glover has failed to show that Zelman performed deficiently.

Glover also offered no proof that he would have accepted a plea offer absent Zelman's alleged error. Thus, he failed to demonstrate that he suffered prejudice. See Coulter, 60 F.3d at 1504.

AFFIRMED.