[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13930
Non-Argument Calendar

_____

D.C. Docket Nos. 1:11-cv-20507-FAM,
1:04-cr-20778-AJ-1

KENT FRANK,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2013)

Before DUBINA, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Kent Frank appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate.  After denying Frank's § 2255 motion, the district court granted him a certificate of appealability on the issue of whether he was denied effective assistance of counsel during plea negotiations when he followed the advice of his attorney to reject a five-year plea offer from the government and proceed to trial.  On appeal, Frank argues that his counsel rendered ineffective assistance by advising him to reject the government's five-year plea offer, and that subsequently, he suffered prejudice when he was convicted and sentenced to a total of 40 years' imprisonment.

With regard to a district court's denial of a motion to vacate under 28 U.S.C. § 2255, we review legal conclusions *de novo* and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  A claim of ineffective assistance of counsel is a mixed question of law and fact that is subject to *de novo* review.  *Caderno v. United States*, 256 F.3d 1213, 1216-1217 (11th Cir. 2001).

We accord considerable deference to the district court's credibility findings. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).  "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses."  *Id.*  Specifically in a 28 U.S.C. § 2255

proceeding, we "allot substantial deference to the factfinder in reaching credibility determinations with respect to witness testimony." *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008) (internal quotation marks omitted).

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate: (1) that his counsel's performance was deficient, *i.e.*, the performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65. A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). Further, we need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

To meet the deficient performance prong of *Strickland*, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687, 104 S. Ct. at 2064. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689, 104 S. Ct. at 2065. Counsel's performance is

3

deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases.  *Id.*

Under *Strickland*, a petitioner pursuing a claim of ineffective assistance of counsel must also demonstrate prejudice.  *Purvis v. Crosby*, 451 F.3d 734, 743 (11th Cir. 2006).  Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  A reasonable probability is one sufficient to undermine confidence in the outcome.  *Id.*  It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding.  *Id.* at 693, 104 S. Ct. at 2067.  Rather, he must show that the result would have been different.  *Id.*

In *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations.  *Frye*, 566 U.S. ___, 132 S. Ct. at 1404-08; *Lafler*, 566 U.S. at ___, 132 S. Ct. at 1384.  Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during plea negotiations.  *Lafler*, 566 U.S. at ___, 132 S. Ct. at 1384 (internal quotation marks omitted).  The Court also considered how to apply the prejudice prong of the ineffective-assistance-of-counsel test set forth in *Strickland* and concluded that, in order to show prejudice, a defendant

4

must demonstrate a reasonable probability that:  (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence.  *Frye*, 566 U.S. at ___, 132 S. Ct. at 1409; *Lafler*, 566 U.S. at ___, 132 S. Ct. at 1384-85. Moreover, we have also held that the *Strickland* two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel.  *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001).

We conclude from the record here that the district court did not err in finding that Frank failed to establish ineffective assistance of counsel.  First, with regard to the deficient-performance prong of *Strickland*, Frank did not show that his attorney made errors so serious that he was no longer functioning as the counsel guaranteed by the Sixth Amendment.  *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  The record shows that Frank's attorney apprised him of the relevant maximum penalties that could apply if he rejected the government's plea offer and was convicted at trial.  Additionally, Frank himself acknowledged that he had read the indictment and, therefore, knew of the potential maximum penalties he faced if convicted.  Therefore, giving substantial deference to the factfinder below, the magistrate judge did not clearly err by finding that Frank knew of the potential sentencing exposure he faced if convicted at trial, or by finding any of Frank's

contrary testimony not credible. *See Devine*, 520 F.3d at 1287. Accordingly, counsel's performance did not fall below an objective standard of reasonableness, and Frank has not demonstrated that said performance was constitutionally deficient. *See Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65.

Moreover, even assuming that counsel's representation was constitutionally deficient, Frank still does not succeed on his claim of ineffective assistance of counsel because he did not suffer any prejudice. The record shows that Frank would not accept any plea offer from the government that required him to register as a sex offender—as the government's plea offer did, in fact, require. Therefore, he has not shown that he would have accepted the plea offer even if counsel had advocated doing so. Further, even if Frank had accepted the government's five-year plea offer, he still would not have suffered prejudice under *Strickland* because the district court stated, unequivocally, that no judge in the Southern District of Florida "ever accepts" Rule 11(c)(1)(C) plea agreements such as the government's offer here. Therefore, even if Frank had accepted the plea offer, he has not shown that the outcome of his case would have been any different. Thus, he has not demonstrated prejudice under *Strickland*. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Accordingly, as Frank has demonstrated neither deficient performance nor prejudice under *Strickland*, we hold that the district court did not err in denying his § 2255 motion to vacate.

**AFFIRMED.**