[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12290
Non-Argument Calendar

_____

D.C. Docket Nos. 1:12-cv-21466-MGC,
1:09-cr-20428-MGC-2

CESAR ROLANDO HERNANDEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 25, 2013)

Before DUBINA, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Cesar Hernandez, proceeding *pro se*, appeals the district court's

denial of his timely 28 U.S.C. § 2255 motion to vacate, correct, or set aside his

sentence of 48 months' imprisonment for conspiracy to possess cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(b).  On appeal, Hernandez first argues that the district court erred in finding that he was not prejudiced by his counsel's failure to object at sentencing to the district court's decision to award him nine months' credit for time served while awaiting extradition. He argues that the Bureau of Prisons ("BOP") had the exclusive authority to award such credit, and the sentencing court's decision resulted in an additional 71 days' imprisonment.  Second, Hernandez argues that his counsel was unconstitutionally ineffective for advising him to plead guilty to the Maritime Drug Law Enforcement Act ("MDLEA"), which, in light of *United States v Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), is unconstitutional on its face and as applied to him.

He also asserts that the MDLEA violates the Fifth and Sixth Amendments by removing from the jury a question of fact regarding its constitutional and statutory jurisdiction, and further argues that the MDLEA was unconstitutional as applied to him because he was neither captured on board a vessel subject to the jurisdiction of the United States nor captured on the high seas.   We lack jurisdiction to consider these additional arguments, however, because they are outside the scope of the certificate of appealability ("COA").  *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (explaining that appellate

2

review of a § 2255 motion is limited to only those issues specified in the COA); *see also* 28 U.S.C. § 2253(c)(3).

## I.

To review the denial of a § 2255 motion, we review questions of law *de novo* and findings of fact for clear error. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). A claim for ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*. *Id.* "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys" and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

To make a successful claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense, and a defendant's claim fails if he cannot demonstrate both. *Strickland v. Washington*, 466 U.S. 668, 687, 697, 104 S.Ct. 2052, 2064, 2069 (1984). We are not required to consider the two prongs in any particular order. *Dell v. United States*, 710 F.3d 1267, 1273-74 (11th Cir. 2013). Because the petitioner must establish both prongs, we need not address the performance prong if the prejudice prong cannot be satisfied, and vice versa. *Id.* at 1274 (citation omitted).

Regarding the performance prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of

3

reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. The prisoner must "establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004). To show prejudice, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Butcher*, 368 F.3d at 1293.

Section 3585(b) of Title 18 of the United States Code provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . ." 18 U.S.C. § 3585(b)(1). "Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010). After sentencing, "the Attorney General, through the BOP, has the responsibility for administering the sentence," and credit for time served is administered by the

4

attorney general through the BOP.  *United States v. Wilson*, 503 U.S. 329, 335, 112

S.Ct. 1351, 1355 (1992).

We conclude from the record that Hernandez's counsel was not ineffective

for failing to object to the district court's decision to reduce Hernandez's sentence

for time spent incarcerated while awaiting extradition to the United States from

Colombia because Hernandez cannot show prejudice from the sentence reduction.

II.

As stated above, the *Strickland* test for determining whether a defendant

received ineffective assistance of counsel is a two-part inquiry: (1) whether

counsel's representation fell below an objective standard of reasonableness and

(2) whether that deficient performance resulted in prejudice toward the defendant.

466 U.S. at 687, 104 S.Ct. at 2064.  To satisfy the prejudice requirement in the plea

context, a defendant must establish "a reasonable probability that, but for counsel's

error, he would not have pleaded guilty and would have insisted on going to trial."

*Gordon v. United States*, 518 F.3d 1291, 1297 (11th Cir. 2008) (internal quotation

marks omitted).

The United States Constitution empowers Congress "[t]o define and punish

Piracies and Felonies committed on the high Seas, and Offences against the Law of

Nations[.]"  U.S Const. art. I, § 8, cl. 10.  The Supreme Court determined that this

Clause provides three separate powers: "the power to define and punish piracies,

5

the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations." *Bellazaic-Hurtado*, 700 F.3d at 1248 (citing *United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158-59, 5 L.Ed. 57 (1820)).  Regarding the second power, "Congress possesses additional constitutional authority to restrict conduct on the high seas, including the Piracies Clause, the Felonies Clause, and the admiralty power. And we have always upheld extraterritorial convictions under our drug trafficking laws as an exercise of power under the Felonies Clause." *Id.* at 1257 (internal citations omitted).

The MDLEA provides that "[a]n individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board . . . a vessel subject to the jurisdiction of the United States."  46 U.S.C. § 70503(a)(1).  Further, the law "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).  The United States criminalized this activity because it is "a serious international problem and is universally condemned" and it "presents a specific threat to the security and societal well-being of the United States." *United States v. Estupinan*, 453 F.3d 1336, 1338 (11th Cir. 2006) (internal quotation marks omitted) (interpreting former 46 U.S.C. app. § 1903(a), the prior codification of the MDLEA).  We held that "we see no reason to conclude that it is 'fundamentally unfair' for Congress to provide for the punishment of persons apprehended with

6

narcotics on the high seas." *Id.* at 1339 (quoting *United States v. Martinez-Hidalgo*, 993 F.2d 1052, 1056 (3d Cir. 1993)).  Thus, we held that Congress did not "exceed[] its authority under the Piracies and Felonies Clause in enacting the MDLEA." *Id.*  Further, we determined that "the MDLEA jurisdictional requirement does not raise factual questions that traditionally would have been treated as elements of an offense under common law." *United States v. Tinoco*, 304 F.3d 1088, 1108 (11th Cir. 2002).  The MDLEA's requirement that the vessel be subject to the jurisdiction of the United States is not an element of the offense. *Id.*

In *Bellaizac-Hurtado*, we determined that the MDLEA was unconstitutional as applied to the facts in that case.  700 F.3d at 1258.  There, we specifically determined that, "[b]ecause drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." *Id.*  We explained that we had "never held that Congress has the power, under the Offences Clause, to apply our drug trafficking laws to the conduct in the territorial waters of another State." *Id.* at 1257.  However, in *Bellaizac-Hurtado*, we affirmed Congress's authority to restrict conduct on the high seas pursuant to the Piracies and Felonies Clauses. *Id.*

Based on our review of the record, we conclude that defense counsel was not ineffective for advising Hernandez to plead guilty to the MDLEA.  Contrary to Hernandez's assertion, the statute was constitutional as applied to him.

For the aforementioned reasons, we affirm the district court's order denying Hernandez's 28 U.S.C. §2255 motion to vacate, correct, or set aside his sentence.

**AFFIRMED.**