[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14487
Non-Argument Calendar
_____

D.C. Docket Nos. 5:11-cv-00180-RS-GRJ,
5:09-cr-00041-RS-GRJ-2

MICHAEL JERMAINE WEBB,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 3, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Michael Jermaine Webb appeals the district court's denial of his pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, on ineffective-assistance-of-counsel grounds.  Webb argues that the district court erred in

rejecting his claim that his trial counsel, Clifford L. Davis, ineffectively failed to file a direct appeal. After careful review, we affirm.

For § 2255 proceedings, we review a district court's legal conclusions de novo and its factual findings for clear error. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008). Clear error occurs where our review of the record leaves us with the definite and firm conviction that a mistake has been made. United States v. White, 335 F.3d 1314, 1319 (11th Cir. 2003). A claim of ineffective assistance of counsel, a mixed question of law and fact, is reviewed de novo. Devine, 520 F.3d at 1287.

When a factfinder assesses the credibility of witnesses, we give substantial deference to its determination. Id. We will overturn a district court's credibility determination only if the court's choice of whom to believe is against the laws of nature, or so facially inconsistent or improbable that no reasonable factfinder could accept it. United States v. Holt, 777 F.3d 1234, 1255 (11th Cir. 2015). Accordingly, a district court's finding based on its decision to credit the testimony of a witness -- that is not contradicted by extrinsic evidence -- can virtually never be clear error. United States v. Barakat, 130 F.3d 1448, 1453 (11th Cir. 1997).

The standard set out in Strickland v. Washington, 466 U.S. 668 (1984), applies in determining whether counsel was ineffective for failing to file a notice of appeal. Devine, 520 F.3d at 1287. The Strickland standard requires the defendant

2

to show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. Id. at 1288. Under the first prong, counsel's failure to file an appeal on behalf of a client who specifically requests it is per se professionally unreasonable. Id. Because a lawyer's failure to file an appeal upon request denies the defendant an entire judicial proceeding, prejudice is presumed, and the defendant is entitled to a late appeal. Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005).

When the client does not specifically request counsel to file an appeal, the court must ask whether counsel consulted with his client about the advantages and disadvantages of appealing and made a reasonable effort to determine his client's wishes. Id. If the attorney properly consulted with his client, the attorney's failure to file an appeal is only unreasonable if he ignored his client's express wishes to appeal. Id. If the attorney did not properly consult with his client, the court must ask whether counsel had an affirmative duty to consult, which is triggered when either: (1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing. Id.

Here, the district court did not err in dismissing Webb's claim that his counsel ineffectively failed to file a notice of appeal. While the parties do not dispute that Webb requested immediately after sentencing that his counsel file an appeal, the issue is whether Webb and his counsel subsequently agreed not to file

3

an appeal. Because the testimony concerning this issue was contradictory, the magistrate judge acknowledged that it needed to make a credibility determination. Notably, the parties proffered no records to verify whether or not Webb and counsel agreed not to appeal between sentencing and the end of the 14-day time frame (other than a later letter correspondence). Without any records, the magistrate judge and the district court had no circumstantial evidence weighing either way, and had to base their factual findings on the live testimony provided.

Based on the testimony, the magistrate judge credited counsel's testimony over that of the Webb family, and made findings supported by the record that did not amount to clear error. White, 335 F.3d at 1319; Barakat, 130 F.3d at 1453. First, the magistrate judge found that counsel presented well-founded reasons against appealing -- namely, counsel testified that he and Webb discussed that Webb was unlikely to succeed on appeal since he was sentenced within the guideline range and under the mandatory minimum, and that he was more likely to obtain a reduced sentence by continuing to cooperate under a § 5K1.1 motion and potential Rule 35 motion. Counsel explained that he and Webb discussed that Webb would not have been able to challenge the factual weight of the drugs at sentencing without risking losing the benefit of a § 5K1.1 or Rule 35 motion.

The magistrate judge further found that counsel and Webb had discussed the disadvantages of appealing, and that they mutually agreed not to appeal. While

counsel admitted that Webb said several times during the 14-day time frame that he wanted to file an appeal, counsel also testified that they had subsequent discussions about the pros and cons of appealing, they mutually agreed not to appeal due to those discussions, and Webb's ultimate decision was not to appeal based on his confidence in counsel's advice. Counsel additionally testified that, if Webb had told him to appeal despite his advice -- which did not happen -- he would have appealed. Webb added that he often followed counsel's advice and wanted their relationship to remain friendly.

The magistrate judge next found that Webb failed to deny or comment on counsel's testimony that they discussed the propriety of an appeal and ultimately decided against it. As the record shows, Webb did not specifically testify that he and counsel never discussed the propriety of an appeal or that they never reached a mutual agreement not to appeal, even though Webb had the opportunity to offer rebuttal testimony. Although the testimony is somewhat mixed on this issue, it was not clear error for the magistrate judge to find that Webb never presented testimony directly rebutting counsel's claim. See White, 335 F.3d at 1319.

The magistrate judge also made multiple findings that Webb's and counsel's letter correspondence indicated that they agreed to pursue continued cooperation with the government, instead of appealing. First, the magistrate judge found that Webb offered no credible explanation for waiting several months before asking

about the status of an appeal.  Webb testified that he was on lock-down for 23 hours a day, was essentially "handicapped" in that he could not contact counsel, and wanted his relationship with counsel to remain friendly, but this testimony was contradicted by testimony that he was aware of his appellate rights and failed to explain why he still was able to contact his sister about the appeal during the 14-day time frame.

Second, the magistrate judge found that Webb's letters -- dated after the time to appeal had ended -- revealed his interest in continuing cooperation with the government.  Webb's September 1, 2010 letter made no mention of an appeal and requested documents to help find a way to reduce his sentence.  Webb's September 24, 2010 letter suggested that a direct appeal could have been filed as to the presentence investigation report, but also indicated that he understood that no appeal was pending and that the time for appealing had passed, and included documents for his counsel to use "to get [Webb] back into court."  Webb did not specifically ask about the status of an appeal until his December 12 letter, which counsel testified asked about an appeal as a predicate for a § 2255 motion.  Finally, Webb's February 13, 2011 letter contained information that he hoped would be useful to the government and would further reduce his sentence.

On this record, we cannot say that the magistrate judge clearly erred in finding that Webb's ultimate decision was not to file an appeal.  See Devine, 520

6

F.3d at 1287; Barakat, 130 F.3d at 1453; White, 335 F.3d at 1319.  While there were several instances where counsel's answers about his communications with Webb were qualified and nonspecific, the magistrate judge -- faced with contradictory testimony from counsel and the Webbs -- was permitted to rely upon counsel's general, yet unequivocal assertions that he and Webb discussed the propriety of an appeal and ultimately decided against it.  Devine, 520 F.3d at 1287.  Indeed, none of the facts to which he testified were against the laws of nature, or so facially inconsistent or improbable that no reasonable factfinder could accept them.  See Holt, 777 F.3d at 1255.  Thus, the magistrate judge and the district court were permitted to make factual findings based upon counsel's version of the events, and we are required to give substantial deference to that credibility determination.  See Devine, 520 F.3d at 1287.

As for Webb's reliance on Fry v. Pliler, 551 U.S. 112 (2007), it is misplaced. In Fry, the Supreme Court considered which specific harmless error standard of review applies for cases on collateral review of a state-court criminal judgment under 28 U.S.C. § 2254, specifically for assessing the prejudicial impact of a federal constitutional error in a state-court criminal trial.  Id. at 116, 120, 121 n.3. It held that, when a court is in equipoise as to whether an error was harmless, the court should assume that the error affected the verdict.  Id.  Importantly, Fry

involved the harmless error standard, see id., which is not the standard that applies here -- we are reviewing for clear error, see Barakat, 130 F.3d at 1453.[1]

Because the district court did not clearly err in finding that counsel acted according to Webb's ultimate decision not to appeal, it did not err in concluding that Webb failed to satisfy the first prong of the Strickland ineffectiveness standard. Devine, 520 F.3d at 1287-88. Accordingly, we affirm the district court's denial of Webb's § 2255 motion.

**AFFIRMED**.

---

[1]    Webb's remaining arguments -- that any mutual decision not to appeal would have been uninformed, and that counsel's failure to file an appeal was objectively unreasonable -- are waived on appeal. As for claim that a decision not to appeal would have been uninformed, he waived it by failing to object to the magistrate judge's failure to address the issue. See 11th Cir. R. 3-1 (directing that failure to object to a magistrate judge's findings or recommendations generally waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions). Even so, the magistrate judge did not clearly err in finding that Webb and counsel mutually agreed not to appeal after discussing the pros and cons of appealing -- an implicit finding that the decision was informed -- since counsel credibly testified to that fact, and Webb testified that the court notified him of his appellate rights. See White, 335 F.3d at 1319. As for the argument that counsel's failure to file an appeal was objectively unreasonable, Webb similarly waived it by failing to object. As the record shows, Webb failed to object to the magistrate judge's finding that the reasonableness of counsel's decision not to file an appeal was irrelevant. In any event, we are unpersuaded by the reasonableness argument since counsel credibly testified that they mutually agreed not to appeal after counsel consulted with Webb to discuss the pros and cons of appealing.